FILED - LN
January 11, 2018 8:39 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: dw /   SCANNED BY: /cw
1/12

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA JEANNE RANCOURT<br>*Plaintiff.*<br><br>vs<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX, INC.<br>*Defendants* | 1:18-cv-42<br>Janet T. Neff, U.S. District Judge<br>Ellen S. Carmody, U.S. Magistrate Judge<br><br>Judge _____<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Sandra Jeanne Rancourt, a natural person, who resides in Hillsdale County, Michigan.

4. Defendant Experian Information Solutions, Inc. (Experian) is a Consumer Reporting Agency with corporate offices at 475 Anton Blvd., Costa Mesa, CA 92626.

5. Defendant Equifax, Inc. (Equifax) is a Consumer Reporting Agency with corporate offices at 1550 Peachtree Street, Atlanta, GA 30309.

6. Defendant Trans Union, LLC (Trans Union) is a Consumer Reporting Agency with corporate offices at 555 W. Adams Street Chicago, IL 60661.

## VENUE

7. The occurrences which give rise to this action occurred in Hillsdale County, Michigan and Plaintiff resides in Hillsdale County, Michigan.

8. Venue is proper in the Western District of Michigan

## GENERAL ALLEGATIONS

9. Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Experian on October 3, 2017. See Exhibit 1 attached.

10. In response to her very specific request for her **full consumer file disclosure** Plaintiff received a credit report. which was not responsive to her request.

11. Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Equifax on September 30, 2017 See Exhibit 1 attached.

12. In response to her very specific request for her **full consumer file disclosure** Plaintiff received a letter which was not a responsive to her September 2017 request. See Exhibit 3 attached.

13. Plaintiff made a written request sent by certified mail for a copy of her **full consumer file disclosure** which was received by Trans Union on October 8, 2017 See Exhibit 1 attached.

14. In response to her very specific request for her **full consumer file disclosure** Plaintiff received a credit report which was not responsive to her request.

15. Plaintiff, in making the exact same request of each of the Defendants, specified in great detail exactly what specific sections of the Fair Credit Reporting Act (FCRA) requires each Defendant to provide a **full consumer file disclosure** at least once per year at no charge when a request is made by a consumer. See Exhibit 1 attached.

16. Plaintiff's request for a **full consumer file disclosure** from each Defendant was the first request for a disclosure within 12 months and identification in the form of a copy of her social security card and current state driver's license was attached to the request for identification.

17. After receiving a response from each Defendant that did not comply with the request made, Plaintiff made a second and final request for a **full consumer file disclosure** pursuant to the FCRA of each Defendant. See Exhibit 2 attached. A copy of the initial letter was sent with the second request for clarification along with identification in the form of a copy of Plaintiff's social security card and driver's license for identification.

18. At no time did Plaintiff make any request for a credit report from the Defendants but instead was very specific in requesting a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1) as outlined in the initial request.

19. In response to Plaintiff's second request for a **full consumer file disclosure** to Experian she received a credit report which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(1).

20. In response to Plaintiff's second request for a **full consumer file disclosure** to Equifax she received a letter, which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(1).

21. In response to Plaintiff's second request for a **full consumer file disclosure** to Trans Union she received a credit report which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(1).

22. Upon information and belief there is substantial information relating to the Plaintiff that is contained in all Defendants' files that has not been disclosed to her including, but not limited

to, information that was previously shown in her credit reports and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of.

23. Upon information and belief the information that is not disclosed to Plaintiff contains negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment.

24. This undisclosed information has never been provided to Plaintiff even when it was requested so she could examine it for accuracy. It could be blatantly false or at the least misleading and without disclosure by the Defendants she would not have the opportunity to dispute the accuracy or veracity of it which he is legally entitled to do under the law. Disclosure of false or misleading information to prospective creditors, insurers or employers that Plaintiff knows nothing about could paint her in a false light where he could be denied credit or employment or pay higher interest rates on credit if it was granted and higher premiums for insurance harming her substantially.

25. Upon information and belief Defendants have far more information relating to Plaintiff in their files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy that is provided to others when they make a request for her file. This information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 1681g(a)(1) when a proper request is made by a consumer. The Defendants have **repeatedly refused** to provide Plaintiff with her **full**

**consumer file disclosure** after multiple requests. Her requests were very specific in nature and could not possibly be misconstrued as a request for her credit report by Defendants.

26. Because Plaintiff has not had access to that undisclosed information she has therefore had no opportunity to review it and dispute the accuracy of it if it is found to be false yet it is provided to potential creditors, insurers and employers without her knowledge and purposely and illegally concealed from her.

27. Upon information and belief when a report is provided by the Defendants to a potential creditor, insurer or employer that information is provided in an encrypted format with instructions to the user that the consumer is NOT to be shown that information. There is no prohibition in the law that information obtained by a user can be provided to the consumer if a request for it is made yet instructions from the Defendants are to the contrary. Why?

28. One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer that is sent to the user in an encrypted format with instructions to the user to conceal it from the consumer. It obviously must contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason. This is obviously not in concert with the mandate of full disclosure clearly articulated in the FCRA in unambiguous plain language.

29. Plaintiff made multiple specific requests of each of the Defendants for a **full consumer file disclosure** as clearly stated in 15 U.S.C. § 1681g(a)(1) and all Defendants have failed to comply with the requests and are therefore in violation of the FCRA.

30. The actions of all Defendants occurred within the past 2 years and are within the Statute of Limitations under the FCRA.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

31. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

32. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

33. Experian is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

34. Experian repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

   WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

35. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

36. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

37. Trans Union is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

38. Trans Union repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

   WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC.

39. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

40. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

41. Equifax is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

42. Equifax repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against EQUIFAX INC. for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 11, 2018

Respectfully Submitted,

*Sandra Jeanne Rancourt*
Sandra Jeanne Rancourt
9083 Dennings Road
Jonesville Michigan, 49250
520 609 3132