## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

---

**SANDRA JEANNE RANCOURT,**

     **Plaintiff,**            **Case No. 1:18-cv-00042-JTN-ESC**

**vs.**                          **Judge Janet T. Neff**

**EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX, INC.**

     **Defendants.**

---

| | |
|---|---|
| SANDRA JEANNE RANCOURT<br>9083 DENNINGS ROAD<br>JONESVILLE, MI 49250<br>(502) 609-3132<br>*Plaintiff Pro Se* | CLARK HILL PLC<br>Jordan S. Bolton<br>500 Woodward Avenue,<br>Ste. 3500<br>Detroit, MI  48226-3435<br>(313) 965-8300<br>Email:  JBolton@clarkhill.com<br>*Attorneys for Equifax Inc.* |

---

## DEFENDANT EQUIFAX INC.'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Equifax Inc., by Counsel, and for its response to Plaintiff's Complaint states as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax Inc. states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants.  Equifax Inc. denies any and all allegations contained in

the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax Inc. responds as follows:

### JURISDICTION

1.     This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

**ANSWER:** To the extent Plaintiff has properly alleged her claims, Equifax Inc. admits this Court may exercise its jurisdiction.

2.     All conditions precedent to the bringing of this action have been performed.

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

### PARTIES

3.     The Plaintiff in this lawsuit is Sandra Jeanne Rancourt, a natural person, who resides in Hillsdale County, Michigan.

**ANSWER:** Equifax Inc. admits that Plaintiff is a natural person.  Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4.     Defendant Experian Information Solutions, Inc. (Experian) is a Consumer Reporting Agency with corporate offices at 475 Anton Blvd., Costa Mesa, CA 92626.

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.    Defendant Equifax, Inc. (Equifax) is a Consumer Reporting Agency with corporate offices at 1550 Peachtree Street, Atlanta, GA 30309.

**ANSWER:** Equifax Inc. denies it is a consumer reporting agency. Equifax Inc. admits the remaining allegations in Paragraph 5.

6.    Defendant Trans Union, LLC (Trans Union) is a Consumer Reporting Agency with corporate offices at 555 W. Adams Street Chicago, IL 60661.

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

<u>VENUE</u>

7.    The occurrences which give rise to this action occurred in Hillsdale County, Michigan and Plaintiff resides in Hillsdale County, Michigan.

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.    Venue is proper in the Western District of Michigan

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

General Allegations

9.    Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Experian on October 3,2017. See Exhibit 1 attached.

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.    In response to her very specific request for her full consumer file disclosure Plaintiff received a credit report, which was not responsive to her request.

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 10.

11.    Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Equifax on September 30, 2017 See Exhibit 1 attached.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 13.

12.    In response to her very specific request for her **full consumer file disclosure** Plaintiff received a letter which was not a responsive to her September 2017 request. See Exhibit 3 attached.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 13.

13.    Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Trans Union on October 8, 2017 See Exhibit 1 attached.

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 13.

14.    In response to her very specific request for her full consumer file disclosure Plaintiff received a credit report which was not responsive to her request.

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 14.

15.    Plaintiff, in making the exact same request of each of the Defendants, specified in great detail exactly what specific sections of the Fair Credit Reporting Act (FCRA) requires each Defendant to provide a full consumer file disclosure at least once per year at no charge when a request is made by a consumer. See Exhibit 1 attached.

**ANSWER:** Equifax Inc. responds that the document at Exhibit 1 speaks for itself. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. Plaintiff's request for a full consumer file disclosure from each Defendant was the first request for a disclosure within 12 months and identification in the form of a copy of her social security card and current state driver's license was attached to the request for identification.

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17. After receiving a response from each Defendant that did not comply with the request made, Plaintiff made a second and final request for a full consumer file disclosure pursuant to the FCRA of each Defendant. See Exhibit 2 attached. A copy of the initial letter was sent with the second request for clarification along with identification in the form of a copy of Plaintiffs social security card and driver's license for identification.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 17 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. At no time did Plaintiff make any request for a credit report from the Defendants but instead was very specific in requesting a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l) as outlined in the initial request.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 18 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

19. In response to Plaintiffs second request for a full consumer file disclosure to Experian she received a credit report which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.    In response to Plaintiff's second request for a full consumer file disclosure to Equifax she received a letter, which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 20.

21.    In response to Plaintiffs second request for a full consumer file disclosure to Trans Union she received a credit report which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.    Upon information and belief there is substantial information relating to the Plaintiff that is contained in all Defendants' files that has not been disclosed to her including, but not limited to, information that was previously shown in her credit reports and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 22 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23.    Upon information and belief the information that is not disclosed to Plaintiff contains negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment.

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     This undisclosed information has never been provided to Plaintiff even when it was requested so she could examine it for accuracy. It could be blatantly false or at the least misleading and without disclosure by the Defendants she would not have the opportunity to dispute the accuracy or veracity of it which he is legally entitled to do under the law. Disclosure of false or misleading information to prospective creditors, insurers or employers that Plaintiff knows nothing about could paint her in a false light where he could be denied credit or employment or pay higher interest rates on credit if it was granted and higher premiums for insurance harming her substantially.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 24 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

25.     Upon information and belief Defendants have far more information relating to Plaintiff in their files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy that is provided to others when they make a request for her file. This information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 1681g(a)(l) when a proper request is made by a consumer. The Defendants have repeatedly refused to provide Plaintiff with her full consumer file disclosure after multiple requests. Her requests were very specific in nature and could not possibly be misconstrued as a request for her credit report by Defendants.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 25 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

26.     Because Plaintiff has not had access to that undisclosed information she has therefore had no opportunity to review it and dispute the accuracy of it if it is found to be false yet it is provided to potential creditors, insurers and employers without her knowledge and purposely and illegally concealed from her.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 26 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27.    Upon information and belief when a report is provided by the Defendants to a potential creditor, insurer or employer that information is provided in an encrypted format with instructions to the user that the consumer is NOT to be shown that information. There is no prohibition in the law that information obtained by a user can be provided to the consumer if a request for it is made yet instructions from the Defendants are to the contrary. Why?

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.    One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer that is sent to the user in an encrypted format with instructions to the user to conceal it from the consumer. It obviously must contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason. This is obviously not in concert with the mandate of full disclosure clearly articulated in the FCRA in unambiguous plain language.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 28 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29.    Plaintiff made multiple specific requests of each of the Defendants for a full consumer file disclosure as clearly stated in 15 U.S.C. § 1681g(a)(l) and all Defendants have failed to comply with the requests and are therefore in violation of the FCRA.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 29 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30.    The actions of all Defendants occurred within the past 2 years and are within the Statute of Limitations under the FCRA.

**ANSWER:** Equifax Inc. states the provisions of the FCRA speak for themselves and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes the provisions of the FCRA the allegations in Paragraph 30 are denied.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

31.    Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

**ANSWER:** Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 30.

32.    Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:** Equifax Inc. admits the allegations in Paragraph 32.

33.    Experian is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.    Experian repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Equifax Inc. denies Plaintiff is entitled to any relief claimed in her Complaint.

## <u>COUNT II</u>

## <u>VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC</u>

35.   Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

**ANSWER:** Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 34.

36.   Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:** Equifax Inc. admits the allegations in Paragraph 36.

37.   Trans Union is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.   Trans Union repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Equifax Inc. denies Plaintiff is entitled to any relief claimed in her Complaint.

## <u>COUNT III</u>

## <u>VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC.</u>

39.     Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

**ANSWER:** Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 38.

40.     Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:** Equifax Inc. admits the allegations in Paragraph 40.

41.     Equifax is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 41

42.     Equifax repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against EQUIFAX INC. for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. §1681n.

**ANSWER:** Equifax Inc. denies the allegations in Paragraph 42 and denies that Plaintiff is entitled to any relief claimed in her Complaint.

## Demand for Trial by Jury

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**ANSWER:** Equifax Inc. admits Plaintiff demands a trial by jury and likewise demands a jury trial.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax Inc. pleads the following defenses to the Complaint:

## FIRST DEFENSE

Equifax Inc. is not a proper party to this action. Equifax Inc. does not maintain a database of consumer credit information, does not handle consumer credit files or issue consumer credit reports, and does not investigate consumer disputes.

## SECOND DEFENSE

Equifax Inc. is not a consumer reporting agency as defined by the FCRA. Equifax Inc. does not maintain a database of consumer credit information, does not handle consumer credit files or issue consumer credit reports, and does not investigate consumer disputes.

12

## **THIRD DEFENSE**

Equifax Inc. reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax Inc. prays that:

(1)   Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)   That Equifax Inc. be dismissed as a party to this action;

(3)   That this lawsuit be deemed frivolous and Equifax Inc. recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)   That Equifax Inc. recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 27th day of February, 2018.

*s/ Jordan S. Bolton*
Jordan S. Bolton
CLARK HILL, PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
Tel. (313) 965-8300
jbolton@clarkhill.com

David Centner
CLARK HILL, PLC
200 Ottawa Avenue N.W., Suite 500
Grand Rapids, MI 49503
Tel. 616.608.1106
dcentner@clarkhill.com

*Attorneys for Equifax Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Sidney Lawrence Frank
Frank Haron Weiner & Navarro PLC
5435 Corporate Dr., Ste. 225
Troy, MI 48098

Tamara Elizabeth Fraser
Williams Williams Rattner & Plunkett PC
380 N Old Woodward Ave., Ste. 300
Birmingham, MI 48009

Sandra Davis Jansen
Scott E. Brady
Schuckit & Associates PC
4545 Northwestern Dr.
Zionsville, IN 46077

And via U.S. Mail to:

Sandra Jeanne Rancourt
9083 Dennings Road
Jonesville, MI 49250

/s/ *Jordan S. Bolton*
Jordan S. Bolton