FILED - LN
March 5, 2018 10:29 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: clw     SCANNED BY: /s/ 3/5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
(Southern Division (1))

| | |
|---|---|
| SANDRA JEANNE RANCOURT ) | |
| ) | Case No.: 1: 1-18-cv-00042-JTN-ESC |
| Plaintiff ) | |
| vs. ) | Judge Janet T. Neff |
| ) | Magistrate Ellen S. Carmody |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS INC., TRANS UNION ) | |
| LLC; EQUIFAX, INC. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO STRIKE
DEFENDANT EXPERIAN'S AFFIRMATIVE DEFENSES**

NOW COMES Pro Se Plaintiff Sandra Jeanne Rancourt, ("Plaintiff") who hereby motions this Court pursuant to F.R.C.P. 12(f) to strike Experian Information Solutions, Inc.'s ("Defendant") stated Affirmative Defenses numbered 4-9 in DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, ("DEAAD"). In support of this motion, the Plaintiff states as follows: "On its own initiative or upon motion, the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f).

WHEREFORE, for the reasons cited in this motion and in the Memorandum in support of

this motion, Plaintiff request this Honorable Court to strike Affirmative Defenses, 4-9, of the DEAAD and for any other relief this Court deems just.

Date: March __5__, 2018                              Respectfully submitted

                                                     *Sandra Jeanne Rancourt*
                                                     Sandra Jeanne Rancourt, Pro Se
Tamara E. Fraser (P51997)                            9083 Dennings Road
Attorneys for Defendant Experian                     Jonesville, Michigan  49250
Informational Solutions, Inc.                        520-609-3132
380 N. Old Woodward Avenue, Suite 300                renucove@aol.com
Birmingham, Michigan 48009
(248) 642-0333

Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq. (IN #30534-49)
James L. Policchio, Esq. (IN #34737-49)
Schuckit & Associates, P.C.,4545 Northwestern Drive
Zionsville, IN 46077
Telephone: 317-363-2400
Fax: 317-363-2257
E-Mail: sjansen@schuckitlaw.com
E-Mail: sbrady@schuckitlaw.com
E-Mail: jpolicchio@schuckitlaw.com
*Counsel for Defendant Trans Union, LLC*

Jordan S. Bolton, CLARK HILL, PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
Tel. (313) 965-8300
jbolton@clarkhill.com
David Centner, CLARK HILL, PLC
200 Ottawa Avenue N.W., Suite 500
Grand Rapids, MI 49503
Tel. 616.608.1106
dcentner@clarkhill.com
Attorneys for Equifax Inc.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
(Southern Division (1))

| | | |
|---|---|---|
| SANDRA JEANNE RANCOURT | ) | |
| Plaintiff | ) ) | Case No.: 1: 1-18-cv-00042-JTN-ESC |
| vs. | ) ) | Judge Janet T. Neff |
| | ) | Magistrate Ellen S. Carmody |
| EXPERIAN INFORMATION SOLUTIONS INC., TRANS UNION LLC; EQUIFAX, INC. | ) ) ) ) | |
| Defendants. | | |

**MEMORANDUM**
**IN SUPPORT OF PLAINTIFF'S MOTION**
**TO STRIKE DEFENDANT EXPERIAN'S AFFIRMATIVE DEFENSES**

## I.  INTRODUCTION AND BACKGROUND

Plaintiff filed the above-captioned complaint, ("Lawsuit") in the United States District Court, Western District of Michigan on January 11th, 2018.  Plaintiff alleges Defendant Experian is liable for a violation of the Fair Credit Reporting Act 15 U.S.C. § 1681g(a)(1) by failing to send Plaintiff of her **full consumer file disclosure**.  Defendant filed a pleading, DEFENDANT EXPERIAN INFORMATION SOLUTION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT on February 12, 2018.

## II.   STANDARD OF REVIEW

"Rule 12(f) provides in pertinent part, that upon the motion of a party, or upon the court's own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike affirmative defenses under Rule 12(f) are left to the court's discretion, although they are generally disfavored. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *Kelly v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989), *Ameriwood Indus. Int'l corp. v, Arthur,* 961 Supp. 1078, 1083 (W.D. Mich. 1997)" quoting Opinion in *Smith v. Blue Ribbon Transport*, 1:06-cv-00234-PLM, W.D. Mich. 2007, ECF No. 43.

In assessing such motions, the Court utilizes the common law demurrer procedure under which the truth of the challenged pleading is assumed, though not its legal conclusion. *See Brown*, 201 F.2d at 821-22. An affirmative defense is insufficient, "if, as a matter of law, the defense cannot succeed under any circumstances," and a motion to strike is appropriate "where it will eliminate spurious issues before trial and streamline the litigation. *Ameriwood*, 961 F. Supp. At 1083; *Kelley* 714 F. Supp. at 1442." quoting Opinion in *Smith v. Blue Ribbon Transport*, 1:06-cv-00234-PLM, W.D. Mich. 2007, ECF No. 43

Such motions may be granted when necessary to clean up the pleadings, streamline the litigation, or sidestepping unnecessary efforts on immaterial issue. *Williams v. Delray Auto Mall, Inc.* 289 F.R.D. 697, 699-700 (S.D. Fla. 2013). Cir. 2013 "... a court should not grant a motion to strike a defense unless the insufficiency of the defense is "clearly apparent."" *See Cipollone v. Liggett Group Inc.* 789 F.2d 181, 188, (3d Cir. 1986). But the court will not accept as true the non-moving party's conclusions of law. *See Dodson v. Strategic Restaurants Acquisitions Co, II, LLC,* 289 F.R.D. 595, 603 (E.D. Cal. 2013). The moving party must state the basis for the

motion with particularity and identify specifically the relief sought. *See Anderson v. Davis Polk & Wardwell LLP,* 850 F.Supp.2d 392, 409, (S.D.N.Y. 2012). A defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice" of the defense is being advanced. *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999). If considered in ruling on the motion, prejudice will exist when the contested allegation would confuse the issues or, by its length and complexity, would place an undue burden on the respondent, inject the possibility of unnecessary extensive and burdensome discovery, improperly increase the time, expense, and complexity of the trial or otherwise unduly burden the moving party. *See Coach Inc. v. Kmart Corps. 756 F.Supp.2d 421, 425-26* (S.D.N.Y. 2010)

### III.   ANALYSIS AND ARGUMENT

**Affirmative Defense 4.** Defendant affirms, "The information which Defendant Experian reported on Plaintiff's credit report was true or substantially true." Defendant's Affirmative Defense 4, ("AD4") is unrelated to the claims in Plaintiff's Lawsuit. Plaintiff made no claim in her Lawsuit about of accuracy any credit report that Defendant sent Plaintiff. Plaintiff's complaint is strictly related to her requests, pursuant to 15 U.S.C. § 1681g(a)(1), for **her full consumer file disclosure** which she did not receive. That is the beginning and the end of Plaintiff's claim. Defendant's AD4 is unrelated to Plaintiff's Lawsuit and were AD4 not to be stricken, it would confuse the issue, improperly increase the time, expense, and complexity of the trial and otherwise unduly burden the moving party. Defendant's AD4 has no bearing or merit or relevance to Plaintiff's Lawsuit, is prejudicial to Plaintiff and should be stricken.

**Affirmative Defense 5.** Defendant affirms, "<u>Plaintiff has failed to properly mitigate her damages, if any.</u>" There is no basis in law or any recognized legal theory that supports failure to mitigate as a valid affirmative defense to an award of statutory damages. In pertinent part, "Although, failure to mitigate is not a defense to an award of statutory damages" *Glover v. Elliott, P.C.* Memorandum Opinion, (Doc 8), Case No. 1:07-cv-648 (W.D. Mich. 2007). Plaintiff claims in her lawsuit are only for statutory damages, (ECF No. 1). Even so, Plaintiff articulated her efforts to mitigate damages when she sent her second and final request for her full consumer file disclosure after Experian failed to properly respond to her first request. Failure to mitigate is not a true affirmative defense since Plaintiff only claimed statutory damages and therefore, Affirmative Defense 5. Is insufficient and without merit and should be stricken.

**Affirmative Defense 6.** Defendant affirms, "<u>Plaintiff's damages, if any, were caused by the actions of others and not Experian Information Solutions, Inc.</u>" "This is not a defense. Defense is only responsible for it owns acts or omissions." *Glover v. Elliott, P.C.* Memorandum Opinion, Doc 4, Case No. 1:07-cv-648 (W.D. Mich. 2007). Furthermore, even if Affirmative Defense 6, ("AD6")were a valid defense, Defendant has failed to identify any third-parties, agents or principals which is impossible for Defendant to do since Plaintiff made a request for her **full consumer file disclosure** directly to Defendant and to no other entity (See ECF #1). Defendant has pleaded with no specificity or factual particularity to give Plaintiff "Fair Notice" of this defense that is being advanced. AD6 is invalid and without merit and if it AD6 were a valid defense, it is insufficient to meet the "fair notice" standard under *Woodfield*. Therefore, AD6 should be stricken.

**Affirmative Defense 7.** Defendant affirms, "Plaintiff's own actions have contributed to her damages, if any." "This is not a defense. It is not necessary for it, [Defendant] to assert plaintiff's own fault, an allegation that may be appropriate in a state tort case but has no bearing on the present case." *Glover v. Elliott, P.C.* Memorandum Opinion, (ECF Doc 4), Case No. 1:07-cv-648 (W.D. Mich. 2007). Furthermore, if Affirmative Defense 7, ("AD7") were a defense, it is conclusory. Defendant has pleaded the allegation in AD7 with no specificity or factual particularity in support. Plaintiff would not have fair notice under the standard of *Woodfield*, if AD7 were a defense. AD7 is without merit and is insufficient and should be stricken.

**Affirmative Defense 8.** Plaintiff has failed to plead any jurisdictional allegations. Affirmative Defense 8. has no factual basis. It is clearly stated in Plaintiff lawsuit, (see ECF No. 1) that 15 U.S.C. § 1681p and 28 U.S.C. §1331 is the basis for jurisdiction. This defense is invalid and without merit and should be stricken.

**Affirmative Defense 9.** Defendant affirms, "Defendant relies upon all affirmative defenses asserted by co-defendants." There is no basis in law or any recognized legal theory that supports a Defendant claiming all affirmative defenses of co-defendants. Therefore, Defendant's Affirmative Defense 9. is invalid and without merit and should be stricken.

## IV. CONCLUSION

When the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim. *FDIC v. Eckert*

*Seamans Cherin & Mellott,* 754 F. Supp. 22, 23 (E.D.N.Y. 1990); see also *Metric Hosiery Co. v. Spartans Indus., Inc.,* 50 F.R.D. 50, 51-52 (S.D. N.Y. 1970)

WHEREFORE, Plaintiff requests this Honorable Court, for the reasons set forth above, to strike Defendant's Affirmative Defenses numbered 4- 9 and for any other relief this Court deems just and proper.

March  5 , 2018                                    Respectfully Submitted,

Tamara E. Fraser (P51997)  
Attorneys for Defendant Experian  
Informational Solutions, Inc.  
380 N. Old Woodward Avenue, Suite 300  
Birmingham, Michigan  48009  
(248) 642-0333

Sandra Jeanne Rancourt

9083 Dennings Road  
Jonesville, Michigan  49250  
520-609-3132  
renucove@aol.com

Sandra Davis Jansen, Esq. (IN #27803-53)  
Scott E. Brady, Esq. (IN #30534-49)  
James L. Policchio, Esq. (IN #34737-49)  
Schuckit & Associates, P.C.,4545 Northwestern Drive  
Zionsville, IN 46077  
Telephone: 317-363-2400  
Fax: 317-363-2257  
E-Mail: sjansen@schuckitlaw.com  
E-Mail: sbrady@schuckitlaw.com  
E-Mail: jpolicchio@schuckitlaw.com  
*Counsel for Defendant Trans Union, LLC*

Jordan S. Bolton, CLARK HILL, PLC  
500 Woodward Avenue, Suite 3500  
Detroit, MI 48226  
Tel. (313) 965-8300  
jbolton@clarkhill.com  
David Centner, CLARK HILL, PLC  
200 Ottawa Avenue N.W., Suite 500  
Grand Rapids, MI 49503  
Tel. 616.608.1106  
dcentner@clarkhill.com  
Attorneys for Equifax Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018, I served the foregoing via 1st class United States Postal Service to the following;

Tamara E. Fraser
Attorney for Defendant Experian Informational Solutions, Inc.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009

James L. Policchio, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Attorney for Trans Union

Jordan S. Bolton, CLARK HILL, PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
Attorney for Equifax Inc.

March __5__, 2018                              _Sandra Jeanne Rancourt_
                                                Sandra Jeanne Rancourt