**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SANDRA JEANNE RANCOURT,

        Plaintiff,                              Case No. 1:18-cv-00042
                                            Honorable Janet T. Neff

v.                                         Magistrate Ellen S. Carmody

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC,
EQUIFAX, INC.,

        Defendants.

_____

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

       Defendant Experian Information Solutions, Inc. ("Experian"), through its counsel, hereby submits the following Answer and Affirmative Defenses in response to Plaintiff's First Amended Complaint:

**JURISDICTION**

1.     Defendant admits that jurisdiction in this Court is proper under 15 U.S.C. §1681p.

2.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

**PARTIES**

3.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

4.     Defendant admits only that it is a consumer reporting agency under the Fair Credit Reporting Act and maintains corporate offices at 475 Anton Blvd. in Costa Mesa, CA.   As to the remaining allegations, Defendant lacks knowledge or

Information sufficient to form a belief and leaves Plaintiff to her proofs.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.  To the extent these allegations constitute legal conclusions they are denied.  Defendant affirmatively states the documents referenced speak for themselves.

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.

7.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.

12.    This allegation is a legal conclusion and is therefore denied.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of these allegations and leaves Plaintiff to her proofs.

## VENUE

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

17.     Defendant has no objection to venue in this Court.

## GENERAL ALLEGATIONS

18.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of this allegation and leaves Plaintiff to her proofs.  To the extent these allegations constitute legal conclusions they are denied.

19.     Defendant denies that it received any request from Plaintiff on October 3, 2017. Experian did receive correspondence dated September 27, 2017 on October 2, 2017.  As for the content of the document it speaks for itself.

20.     Defendant denies it sent a credit report to Plaintiff in response to the September 27, 2017 correspondence as same is untrue.  Experian affirmatively states on October 9, 2017 it sent Plaintiff her consumer disclosure.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.  As for the content of Plaintiff's letter, the documents speak for themselves.

26.     Defendant admits only that a legible copy of her social security card and Michigan driver's license were attached to her correspondence to Experian and that she had not received a disclosure from Experian within the previous 12 months.   As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

27.     Defendant denies that it failed to send an appropriate response to Plaintiff's September 27, 2017 correspondence.  Defendant denies receiving the document attached as Exhibit 4.   As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

28.     Defendant denies this allegation as same is untrue.  Defendant's October 25, 2017 correspondence to Experian requested a "credit report."  ***[sic] Plaintiff appears to have mistaken plead allegation 28, in part, twice.

29.     Experian denies these allegations as same are untrue.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

32.     Defendant admits only that these documents were legible relative to Plaintiff's

September 27, 2017 dispute to Experian.   As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of these allegations as pled and leaves Plaintiff to her proofs.

33.   Defendant denies this allegation is it is untrue as it relates to Experian.

34.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

35.   Defendant denies this allegation as it relates to Experian as same is untrue.

36.   Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff believes and therefore leaves her to her proofs.  Defendant denies that it provides information to prospective creditors, insurers or employers that is not reflected on consumer disclosures like the ones provided to Plaintiff.

37.   Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff believes and therefore leaves her to her proofs.  Defendant denies that it provides information to prospective creditors, insurers or employers that is not reflected on consumer disclosures like the ones provided to Plaintiff.

38.   Defendant denies that Experian has failed to disclosure information to Plaintiff that is provided to any user of credit information and therefore denies this allegation as untrue.

39.   Defendant denies this allegation as same is untrue.

40.   Defendant denies that she has not had access to her consumer file by Experian as same is untrue.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to their truth and leaves Plaintiff to her proofs.

41.     Defendant denies this allegation as it is untrue.

42.     Defendant denies that has failed to provide Plaintiff any information which would be provided to any third party as alleged.

43.     Defendant admits that its credit reports to its subscribers are in a different format than a disclosure to a consumer, but denies that same are encrypted or that same contain instructions that the document is not to be shown to the consumer.  As for the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.

44.     Defendant denies that it acts with any nefarious intent when it provides credit reports to third parties.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to her proofs.

45.     As this allegation relates to the actions of Experian it is denied as untrue.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to her proofs.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT15 U.S.C. § 1681**
**WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN**
**INFORMATION SOLUTIONS, INC.**

48.     Defendant restates its prior responses as though set forth herein.

49.     Defendant admits this allegation.

50.     Defendant admits this allegation.

51.     Defendant denies this allegation as same is untrue.

WHEREFORE, Defendant requests that all claims against Experian be dismissed in their entirety and that Defendant be awarded all such costs and fees as deemed appropriate by this Court.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

52.     Defendant restates its prior responses as though set forth herein.

53.     This claim is not made against this Defendant and, therefore, no response is required.

54.     This claim is not made against this Defendant and, therefore, no response is required.

55.     This claim is not made against this Defendant and, therefore, no response is required.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC.

56.     Defendant restates its prior responses as though set forth herein.

57.     This claim is not made against this Defendant and, therefore, no response is required.

58.     This claim is not made against this Defendant and, therefore, no response is required.

59.     This claim is not made against this Defendant and, therefore, no response is required.

Respectfully submitted,

WILLIAMS, WILLIAMS, RATTNER
 & PLUNKETT, P.C.

By:        /s/ Tamara E. Fraser
Tamara E. Fraser (P51997)
Attorneys for Defendant Experian
 Information Solutions, Inc.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan  48009
(248) 642-0333
DATED:  April 12, 2018                 tefraser@wwrplaw.com


## AFFIRMATIVE DEFENSES

Defendant Experian Information Solutions, Inc. submits the following as its list of affirmative defenses in this matter:

1.  Plaintiff's Complaint fails to state a claim against Defendant Experian Information Solutions, Inc. upon which relief can be granted.

2.  Defendant Experian has at all times complied with the Fair Credit Reporting Act.

3.  Defendant Experian's procedures were reasonable.

4.  The information which Defendant Experian reported on Plaintiff's disclosure and/or credit report was true or substantially true.

5.  To the extent Plaintiff failed to dispute information provided to her in her credit disclosure she may have failed to mitigate and/or contributed to her own damages.

6.  The Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, especially since Experian provided consumer disclosures to Plaintiff in response to her requests, and thus any implicit request for punitive damages is improper.

8

9.      Defendant relies upon all affirmative defenses asserted by co-Defendants.

10.     Defendant Experian reserves the right to supplement its affirmative defenses in

the event other information becomes available during discovery or otherwise.


Respectfully submitted,

WILLIAMS, WILLIAMS, RATTNER
& PLUNKETT, P.C.

By:      /s/ Tamara E. Fraser
Tamara E. Fraser (P51997)
Attorneys for Defendant Experian
Information Solutions, Inc.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan  48009
(248) 642-0333
DATED:  April 12, 2018                tefraser@wwrplaw.com

9

## CERTIFICATE OF SERVICE

I, Tamara E. Fraser, hereby certify that on the 12th day of April, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will automatically send notification of such filing to:

James L. Policchio

Sandra Davis Jansen

Scott E. Brady

Jordan S. Bolton

Kendall W. Carter

I also hereby certify that I have sent a copy via email and first class mail to:

Sandra Jeanne Rancourt
9083 Dennings Road
Jonesville, Michigan  49250
renucove@aol.com

        /s/ Tamara E. Fraser
Tamara E. Fraser (P51997)
Williams, Williams, Rattner & Plunkett, P.C.
Attorneys for Defendant Experian Information
 Solutions, Inc.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan  48009
(248) 642-0333
tefraser@wwrplaw.com