UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SANDRA JEANNE RANCOURT,<br>        Plaintiff,<br><br>   vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX, INC.; and EQUIFAX INFORMATION SERVICES, LLC;<br>        Defendants. | CASE NO. 1:18-cv-00042-JTN-ESC<br><br>Judge Janet T. Neff<br>Magistrate Judge Ellen S. Carmody |

## JOINT STATUS REPORT

In accordance with the 03/29/18 Court Order to Conduct a Joint Status Report [Doc. No. 26], Plaintiff, Sandra Jeanne Rancourt, and Defendants, Experian Information Solutions, Inc. Trans Union LLC, and Equifax Inc. hereby submit this Joint Status Report and states as follows:

A Rule 16 Scheduling Conference is scheduled for <u>May 1, 2018 at 2:00 pm</u>, before Magistrate Judge. Ellen S. Camody.

   **1)** Plaintiff Sandra Jeanne Rancourt will be appearing Pro Se.

Appearing for the Defendants as counsel will be:

   **2)** Tamara E. Fraser of Williams, Williams Rattner & Plunkett, P.C. as counsel for Experian Information Solutions, LLC,

   **3)** James L. Policchio of Schuckit & Associates P.C. as counsel for Trans Union, LLC and

   **4)** Kendall Carter of King & Spalding LLP as counsel for Equifax Inc.

   **5)** Equifax Information Services LLC was served with process in this case on April 11, 2018.

1. **Jurisdiction:** The basis for the Court's jurisdiction is: Diversity, Federal Question, 28 U.S.C. § 1331; 15 U.S.C. § 1681.

2. **Jury or Non-Jury:** Jury Trial

3. **Judicial Availability:** The parties do not consent a trial by a Magistrate Judge.

4. **Statement of the Case:**

    a. **Plaintiff's Factual and Legal Contentions**: Plaintiff alleges that Defendants Experian Information Solutions, Inc., Trans Union, LLC and Equifax Inc. and Equifax Information Services, LLC are in willful violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681g by failing to provide Plaintiff with her full consumer file disclosure after she made two requests of each Defendant in this case for said disclosure.

    b. **Defendant Experian Information Solutions, Inc.'s Factual and Legal Contentions:** Defendant Experian contends that it complied with the Fair Credit Reporting Act and that Plaintiff has failed to state a claim upon which relief can be granted. Experian has provided Plaintiff with her Experian disclosure on a number of occasions and such disclosures each reflected all information that would be provided to any third party who requested a credit report from Experian. Experian does not, and has not, withheld any information from the Plaintiff which is provided to third parties. Plaintiff's contention that Experian is withholding information from her, and then providing undisclosed information to others, is simply not true. Experian also denies that it ever received the October 25, 2017 correspondence attached as Exhibit 4 to Plaintiff's complaint. Rather, Experian received different correspondence dated October 25, 2017 which disputed 8 trade lines.

c. **Defendant Trans Union, LLC's Factual and Legal Contentions:** Plaintiff – using form litigation materials as part of a nationwide pro se scheme to manufacture frivolous claims against the consumer reporting agencies – falsely claims that consumer reporting agency Trans Union violated the FCRA by failing to provide her "full consumer file disclosure." Specifically, Plaintiff falsely claims Trans Union was required to provide her "information that was previously shown in her credit reports" (i.e. "obsolete and archived information") and "negative codes … that are provided to prospective creditors." Contrary to such allegations, the FCRA only requires a consumer reporting agency, like Trans Union, to disclose "information in the consumer's file at the time of the request" and expressly excludes "any information concerning credit scores or any other risk scores or predictors relating to the consumer." Further, the FCRA expressly prohibits a consumer reporting agency from including obsolete information in a consumer report. Accordingly, the consumer disclosures Trans Union provided to Plaintiff in response to her requests fully complied with the FCRA. Finally, Plaintiff does not claim that Trans Union's reporting caused any credit denials. In fact, Plaintiff's Complaint does not allege any concrete injuries whatsoever.

d. **Defendant Equifax, Inc.'s Factual and Legal Contentions:** Defendant Equifax Inc. has not answered Plaintiff's First Amended Complaint but instead has filed Defendant Equifax Inc.'s Motion to Dismiss Plaintiff's Complaint based on the fact that Equifax Inc. is not a consumer reporting agency as defined by the FCRA and, therefore, cannot be liable under the FCRA.

5. **Prospects of Settlement**  Discussions with Trans Union and Equifax Inc. have produced no agreement.  Plaintiff has conveyed a settlement demand to Experian but received no response.

6. **Pendant State Claims:**  None

7. **Joinder of Parties and Amendments of Pleadings**:  The parties do not agree on a deadline for motions to amend pleadings/add parties.  Plaintiff requests **July 24, 2018** as the deadline for motions to amend pleadings/add parties.  Defendants contend it should be **June 22, 2018**.

8. **Disclosures and Exchanges**

    a. The parties propose that they will exchange Rule 26(a)(1) initial disclosures within two weeks of the parties' Rule 16 conference.

    b. The Plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by **July 10, 2018.**  Defendants expect to be able to furnish the names of defendant's expert witness(es) by **August 10, 2018.**

    c. It would be advisable in this case to exchange written expert witness reports as contemplated by FED. CIV. P. 26(a)(2).

        i. Reports, should be exchanged according to the following schedule: Plaintiff and Defendants shall exchange written expert reports of their respective experts upon identification on the schedule set forth in the preceding paragraph.

    d. The parties have agreed to make available the following documents without the need of a formal request for procedure:

       i. From Plaintiff to defendant: Within two weeks of Plaintiff's receipt of a USPS mailed request by each Defendant, Plaintiff will provide:

          1. copies of USPS proofs of receipt by each Defendant of Plaintiff's requests for her full consumer file disclosure,

          2. a copy of Plaintiff's full file disclosure from LexusNexus Consumer Center to Defendants provided Defendants agree to the confidentiality of that information,

          3. A copy of the information that Defendants provided Plaintiff in response to her requests for a full consumer file disclosure provided Defendants agree to the confidentiality of that information.

       ii. From Defendants to plaintiff by:  Within 2 weeks of entry of a Stipulated Protective Order, Defendants will voluntarily produce all relevant consumer relations documents.

e. Deadline to object to any other party's expert witness is **6 weeks** after disclosure of an expert is made.

9. **Discovery:** The parties believe that all discovery proceedings can be completed by **October 16, 2018**.  The parties recommend the following discovery plan:

Plaintiff does not recommend that discovery be conducted in phases but does recommend that discovery be focused on the subject of her full consumer file disclosure.  Plaintiff does not recommend additional interrogatories beyond twenty-five per side or depositions beyond ten per side or more than 7 hours in duration.  Plaintiff does recommend that initial disclosures

be completed no more than two weeks after the Rule 16 Scheduling Conference.  Defendants agree with Plaintiff.

10. **<u>Disclosure or Discovery of Electronically Stored Information</u>**:  The parties have discussed the production of electronically stored information ("ESI") and suggest that all document production be initially done in hardcopy paper format or in regular PDF format.  To the extent this matter of production proves to be insufficient for some reason, the parties agree to first confer to discuss alternatives methods.  To the extent the parties cannot reach an agreement, the issue will be addressed at that time with the Court.

11.  **<u>Assertion of Claims of Privilege or Work−Product Immunity After Production</u>:**

The parties will defer to Rule 26 relative to issues of privilege.  The parties agree that a protective order under Rule 26 will be necessary and anticipate submitting a Stipulated Order to the Court for entry.

12. **<u>Motions</u>:**  The following dispositive motions are contemplated by each party:

All Defendants anticipate filing dispositive motions at the appropriate time.

The parties anticipate that all pre−motion conference requests will be filed by <u>November 16, 2018.</u>  Plaintiff will be filing responses to all dispositive motions and a motion to strike several of Experian's affirmative defenses if not first withdrawn.

13. **<u>Alternative Dispute Resolution</u>**:   The parties request that they be referred to the magistrate judge for a settlement conference after a ruling on dispositive motions.

14. **<u>Length of Trial:</u>** Counsel estimate the trial will last approximately **<u>4</u>** days total, allocated as follows: **<u>2</u>** days for plaintiff's case, **<u>2</u>** days for defendant's case.

**15. Electronic Document Filing System:** Pro Se Plaintiff and Attorneys are aware of the Local Civil Rules for the filing of all documents to the court.

**16. Other**: Plaintiff foresees no special characteristics that may warrant extended discovery.

Dated: <u>April 26, 2018</u>  Respectfully Submitted,

<u>/s/ Sandra Jeanne Rancourt</u>
9083 Dennings Road
Jonesville, Michigan  49250
520-609-3132
renucove@aol.com

<u>/s/ Tamara Fraser</u>
Attorney for Experian Information, Solutions, Inc.
380 North Old Woodward, Suite 300
Birminghmam, MI  48009
(248) 642-0333
tef@wwrplaw.com

*Counsel for Experian Information Solutions, Inc.*

<u>/s/ James L. Policchio</u>
Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq.  (IN #30534-49)
James L. Policchio, Esq. (IN #34737-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  sjansen@schuckitlaw.com
E-Mail:  sbrady@schuckitlaw.com
E-Mail:jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

<u>/s/ Kendall W. Carter</u>
Kendall W. Carter
King & Spalding LLP
1180 Peachtree St. NE
Atlanta, GA 30309
Tel. (404) 572-4600
Fax. (404) 572-5100

*Counsel for Equifax, Inc.*,