UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA JEANNE RANCOURT,

           Case No. 1:18-cv-00042

        Plaintiff,

v.                             HON. JANET T. NEFF

EXPERIAN INFORMATION
SOLUTIONS, INC. et al,

        Defendants.
_____/

## CASE MANAGEMENT ORDER

     **This case has been referred to Magistrate Judge Ellen S. Carmody for full pretrial case management including dispositive motions.  As such**, **IT IS HEREBY ORDERED:**

| | |
|---|---|
| Trial Date and Time<br><br>Place:    401 Ford Federal Building, 110 Michigan, NW<br>          Grand Rapids, MI 49503<br>Before:   Judge Janet T. Neff | AUGUST 20, 2019<br>9:00 a.m. |
| Jury or Non Jury | Jury |
| Estimated Length of Trial | 4 days |
| Motions to Join Parties or Amend Pleadings | JUNE 22, 2018 |
| Rule 26(a)(1) Disclosures        Plaintiff:<br>                             Defendant: | MAY 15, 2018<br>MAY 15, 2018 |
| Disclose Name, Address, Area of Expertise and provide   Plaintiff:<br>a short summary of expected testimony        Defendant:<br>of all testifying experts (Rule 26(a)(2)(A)) | JULY 10, 2018<br>AUGUST 10, 2018 |
| Disclosure of Expert Witness Reports        Plaintiff:<br>(Rule 26(a)(2)(B))                      Defendant: | JULY 10, 2018<br>AUGUST 10, 2018 |
| Voluntary Exchange of Documents | Within 2 weeks of entry<br>of protective order |
| Completion of Discovery | OCTOBER 16, 2018 |
| Dispositive Motions | NOVEMBER 16, 2018 |
| Motions in Limine | JUNE 20, 2019 |

| | |
|---|---|
| Interrogatories will be limited to: | 25 single part questions |
| Depositions will be limited to:<br>(Fact Witnesses Per Party) | 10 per party |
| Requests for Admission will be limited to: | 10 per side |
| Settlement Conference          Date:<br>Time:<br>Before | JUNE 6, 2019<br>2:00 p.m.<br>Hon. Ellen S. Carmody |
| Final Pretrial Conference      Date:<br>Before Judge Janet T. Neff     Time: | AUGUST 5, 2019<br>3:30 p.m. |
| ADR To Take Place On Or Before: | None at this time |

1.  TRIAL DATE AND SETTING: This case is scheduled for trial before the Honorable Janet T. Neff, 401 Ford Federal Building, 110 Michigan, NW, Grand Rapids, Michigan, as set forth above.[1] .

2.  JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS: All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

3.  DISCLOSURES AND EXCHANGES:   Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

4.  DISCOVERY: All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date.  Discovery shall proceed regardless of the motions pending before this court.  All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery.  All depositions must be completed before the close of discovery.  Interrogatories will be limited as set forth in the table above. Depositions will be limited as set forth in the table above.  There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

---

[1] A copy of Judge Neff's Information and Guidelines is available on the Court's website (www.miwd.uscourts.gov ).  Attorneys must comply with the *current* version of the Guidelines.

5.    MOTIONS:

    a.    Non-dispositive

Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3.  They will be referred to a magistrate judge in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A).  In accordance with 28 U.S.C. § 471 *et seq.*, it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.  *See* W.D. Mich. LCivR 7.1(d).

    b.    Dispositive

        i.    Dispositive motions must adhere to W.D. Mich. LCivR 7.2.  If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, then only those excerpts that are relevant to the motion shall be filed.

        ii.    Oral argument may be requested pursuant to W.D. Mich LCivR 7.2(d).  The Court may schedule oral argument or may, in its discretion, dispose of the motion without argument at the end of the briefing schedule.  To request oral argument on a motion, state "ORAL ARGUMENT REQUESTED" in the caption and the heading of the brief.

        iii.    In cases where oral argument is heard and counsel wishes to project evidence on the monitors in the courtroom, projection of exhibits is accomplished by using the electronic evidence presentation equipment in the courtroom.  The evidence presentation allows for the projection of evidence on various monitors located at the bench, the witness stand, the lectern, the jury box, and the counsel tables.  This technology eliminates the cumbersome process of handling paper evidence.  Counsel planning to use the equipment are encouraged to contact the Court's IT department well in advance of their court proceeding to inquire about training and practice sessions.  Practice sessions and testing of the equipment must occur prior to the day of a scheduled court appearance.  You may contact the Court's IT department by sending an e-mail to courttech@miwd.uscourts.gov or by calling (616) 456-2523.  Information concerning the features of the system are available at the court's website: www.miwd.uscourts.gov (click on *Courtroom Technology* link).  *Counsel is also advised to notify chambers - in advance of the motion hearing - of its intentions to use technology resources in the courtroom.*

    c.    Motions in limine must be filed by the date set forth in the table above.

6.    ALTERNATIVE DISPUTE RESOLUTION: No form of ADR will be ordered at this time.

7.  SETTLEMENT CONFERENCE: The parties are under an ongoing obligation to engage in good faith settlement negotiations.  A settlement conference has been scheduled before the magistrate judge as set forth above.

    a.  Persons Required to Attend.  Unless excused by a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority.  Both shall attend in person.  The person with settlement authority must come cloaked with authority to accept, without further contact with another person, the settlement demand of the opposing party.  An insured party shall also appear by a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand.  W.D.Mich. LCivR 16.8.

    b.  Settlement Letter to Opposing Party.  A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals.  Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate.  No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate.  This may lead directly to a settlement.  If settlement is not achieved, plaintiff's counsel shall deliver, fax or e-mail copies of these letters to the chambers of the magistrate judge conducting the conference no later than three (3) business days before the conference.  Do not file copies of these letters in the Clerk's Office.

    c.  Confidential Settlement Letter to Court.  In addition, three (3) business days before the conference, each party or their attorney shall submit to the magistrate judge conducting the conference a confidential letter concerning settlement.  A copy of this letter need not be provided to any other party.  Do not file a copy of this letter in the Clerk's Office.  All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer.  The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any

other matter that counsel believes will improve the chances for settlement. Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

8.   FINAL PRETRIAL CONFERENCE: A final pretrial conference is scheduled at the date and time set forth above.

9.   PREPARATION OF PROPOSED FINAL PRETRIAL ORDER: Unless directed otherwise by this Court, a proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **seven (7) days** prior to the final pretrial conference in the following form:

A final pretrial conference was held on the ___ day of _____. Appearing for the parties as counsel were:

(List the counsel who will attend the pretrial conference.)

1.   Exhibits: The following exhibits will be offered by the plaintiff and the defendant:

(List jointly [JT EX ___] all exhibits, including demonstrative evidence and summaries of other evidence. Exhibits expected to be used solely for impeachment purposes need not be identified until trial. The exhibits shall be identified on a form similar to Exhibit 1, attached to Judge Neff's Information and Guidelines. The complete list of exhibits on a form similar to Exhibit 1 must be produced at the final pretrial conference. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Where the parties are unable to agree on the inclusion of an exhibit, plaintiff shall use numbers [1-99]; defendant shall use letters [A-Z]. Indicate with respect to each exhibit whether and for what reason its admissibility is objected to. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown. *See* Fed. R. Civ. P. 26(a)(3).)

2.   Uncontroverted Facts: The parties have agreed that the following may be accepted as established facts:

(State in detail all uncontroverted facts.)

3.   Controverted Facts and Unresolved Issues: The factual issues remaining to be determined and issues of law for the Court's determination are:

(Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4.    Witnesses:

    a.    Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

       (List names, addresses, and telephone numbers of all non-experts who will testify.  Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the anticipated testimony of each non-expert witness.  For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

    b.    Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

       (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts.  Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

    c.    It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects.  Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5.    Depositions and Other Discovery Documents:

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

(Designate portions of depositions by page and line number.  Designate answers to interrogatories and requests for admissions by answer or request number.  Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party.  Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case; _____ days for other parties.

7. <u>Form of Alternative Dispute Resolution</u>: The form of Alternative Dispute Resolution selected was _____.  The outcome was unsuccessful for the following reasons: _____.

8. <u>Prospects of Settlement</u>: The current status of settlement negotiations is:

(Indicate persons present during negotiations, progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance.  Upon approval by the Court, with such additions, deletions, or modifications as are necessary, the Final Pretrial Order will be entered.

10. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>:

a. At the final pretrial conference, the parties and the Court will formulate a plan for trial, including facilitating the admission of evidence; consider the prospects of settlement; and consider such other matters as may aid in the trial or other disposition of the action, including

i. Jury Selection Procedure, and

ii. Jury Instructions.

b. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall come with full authority to act in all respects, or shall be accompanied by a representative of the party with such authority.

c. At least **seven (7) days** prior to the final pretrial conference, counsel shall file:

i. Trial briefs.

ii. A joint statement of the case and statement of the elements of the claims. Unless the case is very complex, the joint statement of the case should not exceed one paragraph.  If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed.  The purpose of the joint statement of the case is to summarize the nature of the case.  In a jury trial, the statement(s) of the case

will be read to the prospective jurors during jury selection.  The elements of the claims will be included in the preliminary jury instructions.

  iii. Proposed voir dire questions.  The Court will conduct voir dire, taking into account questions proposed by the attorneys that have been submitted for review before the final pretrial conference.  Attorneys may be permitted limited additional voir dire.  Counsel is advised to review the standard voir dire posed by the Court as stated in Attachment 2 of Judge Neff's Information and Guidelines for Civil Practice.

11. <u>PREPARATION FOR JURY TRIAL</u>:

 a. The parties shall **jointly** file the following not later than **seven (7) days** prior to the trial:

  i. Joint proposed jury instructions.  The parties shall submit one joint set of instructions to the Court and shall make every reasonable effort to agree on the substantive instructions stating the elements of the claims and defenses.  This Court uses Western District of Michigan's Standardized Civil Jury Instruction for the preliminary and final instructions.  A copy of these instructions is available on the Court's website (www.miwd.uscourts.gov ) under Attorney Information.  The court generally uses O'Malley, Grenig & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set.

   (1) Each instruction shall be submitted in full text, one instruction per page, in the order in which you propose they be given to the jury.

   (2) In addition to being electronically filed, the proposed instructions shall be submitted to the judge's chambers in an editable word processing format by e-mail to Judge Neff's Judicial assistant, Chris Bockheim at chris_bockheim@miwd.uscourts.gov and Judge Neff's Case Manager, Rick Wolters at rick_wolters@miwd.uscourts.gov.

   (3) For standard instructions with highlighted language or blanks, fill in the blanks and either delete the highlighting, leaving the language intact, or delete the highlighted language altogether, as applicable.  No instruction submitted shall contain highlighting or blanks.

   (4) If you would like to change language on a standardized instruction, or submit additional instructions, you must indicate the source of the additional language or instruction.

      (5)      Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons for each objection. Place each objection at the bottom of the specific instruction page.

    ii.      Joint proposed jury verdict form(s).

b.      The parties are required to submit a copy of the joint statement of the case and statement of the elements, joint proposed jury instructions, and joint proposed verdict forms(s) compatible with WordPerfect by e-mail to Judge Neff's Judicial Assistant, Chris Bockheim at chris_bockheim@miwd.uscourts.gov and Judge Neff's Case Manager, Rick Wolters at rick_wolters@miwd.uscourts.gov.

12.    JURY SELECTION:

a.      The Court will seat a jury of 8 members, and all jurors shall participate in the verdict subject to Fed. R. Civ. P. 47(c) and 48.

b.      A jury will generally be selected as follows:

    i.      The courtroom clerk will call 8 names for the jury panel, and such persons will be seated in the order they are called.

    ii.      The Court will conduct voir dire, taking into account questions proposed by the attorneys that have been submitted for review before the final pretrial conference. Attorneys may be permitted limited additional voir dire. The Court may sua sponte, in its discretion, excuse a juror for cause.

    iii.      Attorney challenges for cause will be heard at side bar. The Court will excuse any prospective juror for cause where appropriate, replace the excused juror, and the process will be repeated.

    iv.      When the Court has determined that none of the prospective jurors in the jury box should be dismissed for cause, the parties may exercise their peremptory challenges. *See* 28 U.S.C. § 1870. Peremptory challenges will be exercised in writing away from the jury, and the Court will then excuse all peremptorily-challenged jurors.

      (1)      In the first round of challenges, plaintiff's counsel will exercise its peremptory challenges first and defense counsel second.

      (2)      The challenged jurors will be replaced, and the process repeated in the same manner except defense counsel will exercise its peremptory challenges first during the second and all subsequent even-numbered rounds.

(3)     The process repeats itself until there is a jury.

(4)     In a case with multiple parties, the Court may allow additional peremptory challenges.  *See* 28 U.S.C. § 1870.

Date:  May 2, 2018                                          /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge