**FILED - LN**
May 9, 2018 4:00 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: clw / _____ SCANNED BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
(Southern Division (1))

SANDRA JEANNE RANCOURT,           )
                                  )
         Plaintiff,               )      Case No.: 1: 1-18-cv-00042-JTN-ESC
vs.                               )
                                  )
                                  )
EXPERIAN INFORMATION              )
SOLUTIONS INC., et al.            )
                                  )
         Defendants.              )
                                  )
                                  )

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT EQUIFAX INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW comes Plaintiff, Sandra Jeanne Rancourt, who hereby asks the honorable judge of this Court, to deny Defendant Equifax Inc.'s Motion to Dismiss Plaintiff's Complaint[1], (Doc. 31) for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). Plaintiff states as follows:

### I.    INTRODUCTION

Plaintiff filed a Complaint against Defendants, Experian Information Solutions, Inc., Trans Union LLC, and Equifax, Inc., (Doc. 1) alleging violations the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681g(a)(1) by said Defendants. Plaintiff alleges that all said Defendants failed to send Plaintiff her **full consumer file disclosure** when she requested it pursuant to 15 U.S.C. § 1681g(a)(1). Experian Information Solutions Inc, Trans Union LLC, and Equifax Inc.

---

[1] Plaintiff Sandra Jeanne Rancourt originally filed a Complaint for Violations of the FCRA, (Doc. 1) on 1/11/18 and has subsequently filed a First Amended Complaint for violations of the FCRA, (Doc. 27) on 03/29/28. Plaintiff believes that Defendant Equifax Inc.'s Motion to Dismiss Plaintiff Complaint, (Doc 31) is addressing Plaintiff's First Amended Complaint, (Doc. 27) and she proceeds in this document as Defendant Equifax Inc.is referring to Plaintiff's First Amended Complaint as it concerns Equifax Inc.'s Motion to Dismiss Plaintiff Complaint. (Doc 31)

filed their answers and affirmative defenses, (Docs. 7, 8, and 12 respectively). Plaintiff subsequently filed a motion for leave to amend her Complaint (Doc 22) which was granted by this Court. (Doc 25) Plaintiff's First Amended Complaint was filed in the Court with Equifax Information Services, LLC added as a fourth defendant. (Doc 27). Defendants Experian Information Solutions, Inc., Trans Union LLC and Equifax Information Services, LLC filed their answers and affirmative defenses to Plaintiff's First Amended Complaint. (See Docs. 30, 28, and 33, respectively) Defendant Equifax Inc. filed a Defendant Equifax Inc.'s Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure, 12(b)(6) for Failure to State a Claim (Doc 31) alleging in its Defendants Equifax Inc.'s Brief in Support of Motion to Dismiss First Amended Complaint, (Doc. 32) that Equifax Inc is not a consumer reporting agency and therefore not liable under the Fair Credit Reporting Act as claimed by Plaintiff in her First Amended Complaint. The claims of violations in this case by Plaintiff are under §1681 g(a)(1) and Plaintiff also alleges that Defendant Equifax, Inc. is in violation of §1681x by virtue of how it *operates*.[2]

## II. STANDARD OF REVIEW

When considering Defendant s motion, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. In *re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant

---

[2] The fact that Equifax conveniently interchanges the name of its various entities using just the name "Equifax" when it suits its needs in its communication with consumers indicated a deceptive nature in an attempt to conceal the fact that Equifax Inc. and its subsidiaries operate as one consumer reporting agency rather than operating as separate and distinct entities which they hold themselves out to be in the public, shareholders and regulators in violation of 15 U.S.C. §1681x

Defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir.1999). If the factual allegations in Plaintiff's complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule Defendant's motion.

### III.   ARGUMENTS AND AUTHORITIES

**a. Defendant Equifax, Inc.'s Claim that it is not a Consumer Reporting Agency and Not a Party to This Action**

Defendant Equifax Inc. predicates its grounds for a motion to dismiss under 12(b)(6), failure to state a claim on its assertion that Equifax Inc. is not a consumer reporting agency as defined by the FCRA 15 U.S.C. § 1681(a)(f) and therefore, alleging that it is not the proper party to this action. For this stance in Defendant Equifax's Brief in Support of Motion to Dismiss First Amended Complaint, (Doc. 32, Defendant Equifax refers back to its Answer and Affirmative Defenses in response to Plaintiff's original complaint. Said complaint has been superseded by Plaintiff's First Amended Complaint. (Doc. 27)   Defendant Equifax, Inc. has asserted in its brief (Doc. 32) in support of its motion to dismiss as follows:

### "FIRST DEFENSE

Equifax Inc. is not a proper party to this action. Equifax Inc. does not maintain a database of consumer credit Information, does not handle credit files or issue consumer credit reports, and does not investigate consumer disputes.

## SECOND DEFENSE

Equifax Inc. is not a consumer reporting agency as defined by the FCRA. Equifax does not maintain a database of consumer credit files or issue consumer credit reports, and does not investigate consumer disputes."

In order to support its claim that Equifax Inc. is not a consumer reporting agency, Defendant Equifax refers to the cases, *Greear v. Equifax Inc., Channing v. Equifax Inc., Slice v. Choicedata Consumer Servs. Inc. Frihat v. Citimortgage, Inc., McDonald v. Equifax, Inc. et al., Persson v. Equifax Inc. and Weiler v. Equifax, Inc* and claims that "the issues are virtually identical" (Doc. 32, pg. 13) in regard to Plaintiff's Complaint against Defendant Equifax, and Defendant Equifax's. assertions that it is not a consumer reporting agency.

The issues ***are not virtually identical*** as Defendant Equifax,. claims. All the cases cited by Defendant Equifax are rulings that came from summary judgment motions, ***after*** the discovery period was completed in all of the cited cases. In only one of the said cases, (*Slice*) all the Plaintiffs proceeded Pro se and none of those cases were dismissed as the result of motion to dismiss under Fed.R. Civ. P. 12(b)(6). Of the cases cited above, four are exhibits attached to Defendant's Equifax, Inc.'s Brief in Support of Motion to Dismiss First Amended Complaint. (Doc 32, Exhibits 1, 2, 3 and 4) Said exhibits are of cases where the courts have granted motions for summary judgment in favor of Defendant Equifax Inc. ***after*** the time had passed for pleadings depositions, answers to interrogatories and admissions on file, together with affidavits. In *Frihat v. Citimortgage, Inc No.07 CV-946*, ( Doc 32, Exhibit 1) the pro se plaintiff Frihat did not participate in discovery which resulted in a favorable summary judgment decision for Equifax Inc. Likewise in *McDonald v. Equifax Inc, et al., Civil Action* No. 3:15-CV-3212-B (N.D. Tex. Mar. 6, 2017), pro se Plaintiff McDonald failed to respond to discovery requests which resulted in a favorable summary judgment decision for Equifax Inc. (Doc 32, Exhibit 2)

In the case of *Persson v. Equifax Inc*, No. 7:02-CV-511, Doc 80, (Doc. 32, Exhibit 3); after the discovery period had passed, Pro se Plaintiff Persson was unable to present to evidence at the summary judgment stage to overcome Equifax's motion for summary judgment. In the case of *Weiler v. Equifax Inc.,* No. 2:99-CV-936, Doc 29, (W.D. Pa., Nov. 16, 2000) (See Doc 32, Exhibit 4), after the discovery period had passed, Pro Se Plaintiff Weiler did not respond to Equifax's argument which resulted in a favorable decision for Equifax, Inc. at the summary judgment stage of the litigation. In the cases of *Greear*, *Channing* and *Slice*, a dispositive motion favorable to Equifax, Inc. came *after* the time of discovery had passed and at the summary judgement stage of the litigation. (Exhibit 1). Another notable difference between the claims made in Plaintiff's First Amended Complaint, and the cases cited by Defendant Equifax. is that Plaintiff has specifically made a claim in her First Amended Complaint of how Equifax Inc. *operates*. Plaintiff asserted as follows : "Equifax, Inc. has used EIS and ECS and other subsidiaries as dependent and integrated divisions rather than separate legal entities. The business operations are fully coordinated and shared resources are cross-applied without full and complete profit and cost centers. Management decisions at EIS and ECS as well as other divisions are made by and through Equifax, Inc. The entities largely hold themselves out as a single uniform business entity exchanging and selling consumer information as well as data derived from consumer information and communications it holds in its consumer files." (Doc 27, ¶ 11). Plaintiff claims that Defendant Equifax, Inc. is in violation of 15 U.S.C. §1681x which expressly prohibits "a consumer reporting agency from circumventing or evading treatment as a nationwide consumer reporting agency" by means of corporate organization or restructuring.

Plaintiff alleges in her First Amended Complaint that all Defendants in her case have subsidiaries and affiliates which *operate* as if they are one in the same as consumer reporting agencies. As it concerns Defendant Equifax, in this present case, Plaintiff attached evidence to her First Amended Complaint of her claim that Defendant Equifax is a consumer reporting agency. (Doc 27, Exhibit 1) Said evidence is a letter from the House of Representatives of the Congress of the United States that Plaintiff claims is proof that Defendant Equifax is a consumer reporting agency. (Doc 27, Exhibit 1)

### b. Plaintiff Filed a Sufficient Pleading.

All that is required for a pleading according to Fed. R. Civ. P. 8(a)(2), which states in part that each claim in a complaint include, "a short and plain statement of the claim showing that the pleader is entitled to relief." The claims must include enough factual allegations to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff went far beyond the minimal requirements of rule 8(a)(2) in her First Amended Complaint when she filed an exhibit as evidence of her claim that Defendant Equifax, Inc. is a consumer reporting agency. Plaintiff's complaint is more than sufficient. Never-the-less, Defendant Equifax Inc.s' Brief in Support of Motion to Dismiss First Amended Complaint, (Doc 32) Defendant Equifax argues as if Plaintiff must prove her case at the notice pleading stage rather than after discovery and at summary judgment or at trial.

### c. Plaintiff's First Amended Complaint is Sufficient

Rule 12(b)(6) tests the sufficiency of a pleading. *Smith v. Frye* 488 F.3d 274 (4th Cir. 2007) Under rule 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because the factual tale alleged is implausible. *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, & 570. 127 S Ct. 1955, 1965 & 1974, 167 L Ed. 2d 929 (2007). Pleaders must show that their allegations "possess enough heft" to show an entitlement of relief (and thereby, are sufficient to allow the costly process of litigation to continue) *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, & 570. The sufficiency of Plaintiff's First Amended Complaint has been well established by the fact she has fulfilled all the requirements of Rule 8(a)(1)(3) and exceeded that minimum by including an exhibit in her First Amended Complaint, providing evidence of her claim that Equifax Inc. is a consumer reporting agency. Plaintiff's pleading asserts a legal theory that it cognizable by law and puts forth a very plausible tale that Equifax Inc. *operates* as a consumer reporting agency. The cases cited by Defendant Equifax, Inc. in support of its motion to dismiss were grants by the courts for *summary judgement* and *after* the discovery period of litigation has ended.

## IV. CONCLUSION

Plaintiff has demonstrated that her First Amended Complaint is in compliance with Fed. R. Civ. P.8(a)(2) and is sufficient. Plaintiff has also demonstrated that the cases Defendant has cited, do not support a dispositive motion at this point in litigation.

WHEREFORE, Plantiff respectfully requests this Honorable Court to DENY Defendant Equifax, Inc.'s Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted.

Date: May 9, 2018

Sandra Jeanne Rancourt, Pro se
9083 Dennings Road
Jonesville, Michigan 49250
520 609 3132
renucove@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that, I served the foregoing document via 1st class United States Postal Service to the following;

Tamara E. Fraser
WWRP
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009
Attorney for Defendant Experian Informational Solutions, Inc.

James L. Policchio, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Attorney for Trans Union

Kendall W. Carter
King & Spalding, LLP
1180 Peachtree Street
Atlanta, GA 30309
Attorney for Equifax Inc. and Equifax Information Services, LLC

May 9, 2018

*Sandra Jeanne Rancourt* (signature)
Sandra Jeanne Rancourt, Pro Se
9083 Dennings Road
Jonesville, Michigan 49250
520 609 3132
renucove@aol.com