EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. GREEAR, JR.,

    Plaintiff,

v.                                                      Case No. 13-11896

                                          Hon. John Corbett O'Meara
EQUIFAX, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Before the court are the parties' cross-motions for summary judgment; pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

Plaintiff Willie J. Greear, Jr., filed this action against Defendant Equifax, Inc., alleging violations of the Fair Credit Reporting Act ("FCRA"). Defendant contends that Plaintiff has sued the wrong party, because Equifax, Inc., is a holding company, not a consumer reporting agency. See Declaration of Kathryn J. Harris. According to Kathryn J. Harris, Assistant Vice President, Assistant Corporate Secretary of Equifax, Inc., Defendant does not engage of the business of assembling or reporting consumer credit information. See id. at ¶¶ 4-6. Rather, Equifax Information Services LLC, a subsidiary of Equifax, Inc., is a consumer reporting agency and maintains Plaintiff's credit file. Id. at ¶ 11–12.

Although Plaintiff contends that Ms. Harris is not truthful and that "Equifax, Inc." does maintain his credit file, he has not provided evidence sufficient to cast doubt on Ms. Harris's credibility. Plaintiff himself mailed dispute letters to "Equifax Info Svc LLC." See Pl.'s Ex. A. Moreover, several district courts have granted summary judgment in Equifax, Inc.'s favor, on the grounds that it is not a consumer reporting agency. See e.g., Slice v. Choicedata Consumer Servs., Inc., 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005); Ransom v. Equifax, Inc., 2010 WL 1258084 (S.D. Fla. Mar. 20, 2010); Channing v. Equifax, Inc., 2013 WL 593942 (E.D. N.C. Feb. 15, 2013). Accordingly, the court finds that Defendant Equifax, Inc., is not a consumer reporting agency subject to the requirements of the FCRA. Plaintiff cannot, as a matter of law, state a claim against Equifax, Inc., under the FCRA.

Therefore, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.

                                               s/John Corbett O'Meara
                                               United States District Judge

Date: April 8, 2014

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 8, 2014, using the ECF system and/or ordinary mail.

                                                        s/William Barkholz
                                                        Case Manager

## VICTOR CHANNING, Plaintiff, v. EQUIFAX, INC., Defendant.

### NO. 5:11-CV-293-FL

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, WESTERN DIVISION

### 2013 U.S. Dist. LEXIS 21421

**February 15, 2013, Decided**
**February 15, 2013, Filed**

**PRIOR HISTORY:** Channing v. Equifax, Inc., 2012 U.S. Dist. LEXIS 78455 (E.D.N.C., June 6, 2012)

**CORE TERMS:** summary judgment, corporate veil, aff, pro se, piercing, genuine, entity, subsidiary, consumer, issue of material fact, consumer credit, reporting, federal common law, entirely clear, consumer reports, assembling, quotations, state law, choice of law, genuine issue, material fact, nonmoving party, corporate form, instrumentality, veil-piercing, incorporation, disregarding, solicitude', furnishing, admissible

**COUNSEL:** [*1] Victor Channing, Plaintiff, Pro se, Durham, NC.

For Equifax, Inc., Defendant: John Anthony Love, K. Ann Broussard, LEAD ATTORNEYS, King & Spalding LLP, Atlanta, GA; David Glen Guidry, King & Spalding, LLP, Charlotte, NC.

**JUDGES:** LOUISE W. FLANAGAN, United States District Judge.

**OPINION BY:** LOUISE W. FLANAGAN

**OPINION**

### ORDER

This matter comes before the court on defendant's motion for summary judgment (DE # 23). The matter has been fully briefed and the issues raised are ripe for adjudication. For the reasons set forth below, defendant's motion for summary judgment is GRANTED.

### BACKGROUND

Plaintiff, proceeding *pro se,* filed complaint in Wake County Superior Court. Defendant removed the action to this court on June 10, 2011, pursuant to 28 U.S.C. § 1441 and 1446. Plaintiff's *pro se* complaint is difficult to understand and not entirely clear. Construing it broadly, in keeping with his *pro se* status, he alleges that defendant violated § 611 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681i, in its handling of his credit file, and asserts various other claims sounding in breach of contract, defamation, and negligent infliction of emotional distress. In support of his claims, plaintiff asserts that defendant wrongfully [*2] refused to delete erroneous entries reported to defendant by creditors, manipulated his credit report by deleting accounts that positively reflected on his ability to pay his bills, and placed negative information on his report when the identifying information indicated the information regarded another person.

On March 16, 2012, defendant filed the instant motion for summary judgment. Plaintiff responded in opposition on April 9, 2012, and defendant replied on April 26, 2012. Issues have been protracted by plaintiff's litigation tactics, including the filing

of numerous meritless motions containing personal attacks against defendant and defendant's counsel which summarily have been denied. These tactics have led to plaintiff being sanctioned by the court.

**COURT'S DISCUSSION**

A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence [*3] for a reasonable jury to find for the non-moving party). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on this motion. [*4] Id. at 248-49.

"A document filed *pro se* is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). However, "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them' . . . The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transformer the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Services for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088, 106 S. Ct. 1475, 89 L. Ed. 2d 729 (1986)).

B. Analysis

Defendant moves for summary judgment arguing that it is not the proper party to be sued, and that it is not a consumer reporting agency ("CRA") as defined by the FCRA. Section 611 of the FCRA, 15 U.S.C. § 1681i, applies only to CRAs. See Persson v. Equifax, Inc., No. 7:02-CV-511, 2002 U.S. Dist. LEXIS 28864, DE # 80 (W.D.Va., Oct. 28, 2002) (unpublished slip. [*5] op.). The FCRA defines a CRA as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). Defendant, which is incorporated and headquartered in Georgia, is a holding company with no source of income other than what it obtains from its ownership interests in subsidiaries and affiliates. Def.'s Mem. Supp. Summ. J. Ex. A, Harris aff. ¶ 3. It has not been in the business of assembling or evaluating consumer credit information since 1977. Id. at ¶ 5. Thus, insofar as plaintiff has alleged a claim against defendant for violating the FCRA, summary judgment for defendant is appropriate where it is not a CRA and not subject to the requirements of the FCRA.

More importantly, however, plaintiff has simply sued the wrong party; therefore summary judgment for defendant is appropriate as to all claims. There are no genuine issues [*6] as to the following material facts which defendant has demonstrated by filing several sworn affidavits, uncontroverted by plaintiff. Defendant is not a CRA, but rather is a holding company which does not own, receive, store, maintain, process, or otherwise exercise control over plaintiff's consumer credit information. Id. at ¶¶ 3, 8; see also Ransom v. Equifax Inc., No. 09-80280-CIV, 2010 U.S. Dist. LEXIS 30886, 2010 WL 1258084, at *3 (S.D.Fla. Mar. 30, 2010) (granting summary judgment for Equifax, Inc. as it was not a CRA and did not prepare a consumer report regarding plaintiff); Slice v. Choicedata Consumer Servs., Inc. 2005 U.S. Dist. LEXIS 48318, 2005

WL 2030690, at *3 (E.D.Tenn. Aug. 23, 2005) (same). Defendant's subsidiary, Equifax Information Services LLC ("EIS"), is a consumer reporting agency ("CRA") as defined by the FCRA and maintains a consumer database including information regarding plaintiff. Id. at ¶ 9; Def.'s Mem. Supp. Summ. J. Ex. B, Cole aff. ¶ 9.

EIS is the entity which handled plaintiff's disputes regarding his credit record. Id. at ¶¶ 27-46. It is undisputed that all of plaintiff's dealings were with EIS, not defendant, and all of the individuals named in plaintiff's complaint as employees of defendant are employees [*7] of EIS. See Def.'s Mem. Supp. Summ. J. Ex. A, Harris aff. ¶¶ 6-8; Def.'s Mem. Supp. Summ. J. Ex. C, Spencer aff. ¶¶ 7-10; Def.'s Mem. Supp. Summ. J. Ex. B, Cole aff. ¶ 7.

Plaintiff argues that defendant and EIS should be regarded as the same entity, thus subjecting defendant to liability. However, "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." United States v. Bestfoods, 524 U.S. 51, 61, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998) (quotations omitted). There are limited circumstances in which a corporation and its stockholders are treated as identical, but this piercing of the corporate veil is to be exercised "reluctantly and cautiously." DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681, 683 (4th Cir. 1976). The burden of proving the corporate veil should be pierced rests upon the party asserting the claim. Kinney Shoe Corp. v. Polan, 939 F.2d 209, 211 (4th Cir. 1991).

It is not entirely clear whether the court should apply Georgia, North Carolina, or federal common law regarding piercing the corporate [*8] veil.[1] In this case, however, the outcome is the same regardless of which law is applied. Under Georgia law, "[t]o justify piercing the corporate veil, the plaintiff must show that the owner abused the corporate form by disregarding the separateness of legal entities by commingling funds on an interchangeable or joint basis or confusing the otherwise separate properties, records, or control." Dearth v. Collins, 441 F.3d 931, 935 (11th. Cir 2006). Moreover, "as a *precondition* to disregarding the corporate form, *there must be insolvency* on the part of the corporation in the sense that there are insufficient corporate assets to satisfy the plaintiff's claim." Adams v. Unum Life Ins. Co. Of America, 508 F.Supp.2d 1302, 1314 (N.D. Ga. 2007) (quotations omitted) (emphasis in original).

---

1 Where a veil-piercing claim is brought under a federal statute "[t]here is significant disagreement ... over whether ... courts should borrow state law, or instead apply a federal common law of veil piercing." TAC-Critical Sys., Inc. v. Integrated Facility Sys., Inc., 808 F. Supp. 2d 60, 64 (D.D.C. 2011) (quoting Bestfoods, 524 U.S. at 63 n.9). Moreover, when looking to state law, "North Carolina courts have [*9] not spoken to the issue of choice of law in piercing the corporate veil." Dassault Falcon Jet Corp. v. Oberflex, 909 F.Supp. 345, 348-49 (M.D.N.C. 1995). Thus, in the event state law applies, it is not entirely clear whether the law of North Carolina - the forum state - or of Georgia - the state of defendant's incorporation - would apply. See id. (holding the North Carolina Supreme Court would likely choose to apply the law of the state of incorporation). Where plaintiff brings a veil-piercing claim under the FCRA, as well as under various state-law claims, he implicates a complicated choice of law questions.

---

Under North Carolina law, a parent is only liable for the actions of its subsidiary where "the corporate structure is a sham and the subsidiary is nothing but a mere instrumentality of the party" Broussard v Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 349 (4th Cir. 1998) (quotations omitted).

Finally, under federal common law a court may pierce the corporate veil where "(1) the shareholder dominates and controls the organization and (2) imposing such liability is needed to avoid injustice." Mayes v. Moore, 419 F. Supp. 2d 775, 781 (M.D.N.C. 2006) (citing Thomas v. Peacock, 39 F.3d 493, 504 (4th Cir.1994), [*10] rev'd on other grounds, 516 U.S. 349, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996)).

In the instant case, there is no genuine issue of material fact that defendant does not control the credit reporting operations of EIS and is not involved in EIS's day-to-day operations. Def.'s Mem. Supp. Summ. J. Ex. A, Harris aff. ¶ 10. Plaintiff has presented no evidence that EIS is insolvent such that it could not satisfy his claim, that EIS is a mere instrumentality of defendant, nor that defendant dominates and controls EIS. Plaintiff supports his claim that EIS and defendant should be viewed as the same entity only by asserting that defendant's CEO "has always treated Equifax, Incorporated and Equifax Information Services as parallel entities" and "treats both entities as if their vision and performance is no different." Pl.'s Resp. Opp'n. Summ. J. 3.

In support of this claim regarding defendant's CEO, plaintiff files an unauthenticated document in which the CEO states that defendant is "the company that empowers businesses and consumers with information they can trust, allowing them to make critical decisions with greater confidence." Pl.'s Resp. Opp'n. Summ. J. Ex. 2. In the first place, this document is inadmissible. See Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) [*11] ("To be admissible at the summary judgment state, documents

must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)."). In the second place, even were this document admissible, it does not satisfy any of the requirements for piercing the corporate veil. Thus, plaintiff has failed to create a genuine issue of material fact regarding defendant's liability.

In an attempt to stave off summary judgment, plaintiff also files as exhibits cases in which he claims plaintiffs have prevailed against defendant for violations of the FCRA. Pl.'s Resp. Opp'n. Summ. J. Ex. 4. All but two of the cases were not against defendant, but EIS. The two cases which were instituted against defendant concern actions taken by defendant before 1977, the year in which it ceased engaging in the business of assembling consumer credit information. See Hauser v. Equifax, Inc., 602 F.2d 811 (8th Cir. 1979); Thornton v. Equifax, Inc., 467 F.Supp. 1008 (E.D. Ark. 1979); Def.'s Mem. Supp. Summ. J. Ex. A, Harris aff. ¶ 5. Thus plaintiff's reliance on these cases is misplaced, and summary judgment for defendant is appropriate.

## CONCLUSION

Based upon the foregoing, defendant's motion for [*12] summary judgment (DE # 23) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 15th day of February, 2013.

/s/ Louise W. Flanagan

LOUISE W. FLANAGAN

United States District Judge

## JUDGMENT

**Decision by Court.**

This action came before the Honorable Louise W. Flanagan, United States District Judge, for consideration of defendant's motion for summary judgment.

**IT IS ORDERED, ADJUDGED AND DECREED** in accordance with the court's order entered February 15, 2013, and for the reasons set forth more specifically therein, that defendant's motion for summary judgment is granted. The plaintiff shall have and recover nothing from this action.

**This Judgment Filed and Entered on February 15, 2013, and Copies To:**
John Anthony Love (via CM/ECF Notice of Electronic Filing)
K. Ann Brousard (via CM/ECF Notice of Electronic Filing)
David Glen Guidry (via CM/ECF Notice of Electronic Filing)
Victor Channing (via U.S. Mail) 600 Alexan Drive, Apt. #302, Durham, NC 27707

February 15, 2013

2 of 2 DOCUMENTS

NANCY SLICE, Plaintiff, v. CHOICEDATA CONSUMER SERVICES, INC., EQUIFAX INFORMATION SERVICES, LLC and EQUIFAX, INC., Defendants.

No.: 3:04-CV-428

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

2005 U.S. Dist. LEXIS 48318

August 23, 2005, Filed

**SUBSEQUENT HISTORY:** Motion granted by, Summary judgment granted by, Dismissed by, in part Slice v. Choicedata Consumer Servs., 2006 U.S. Dist. LEXIS 16298 (E.D. Tenn., Mar. 16, 2006)

**CORE TERMS:** consumer, consumer reports, reporting, consumer credit, summary judgment, assembling, furnishing, prepare, preparing, household, genuine, entity, subsidiaries, Reporting Act, debt owed, genuine issue, issue of material fact, moving party, non-moving, undisputed, assemble, accuracy, maximum

**COUNSEL:** [*1] For Nancy Slice, Plaintiff: Robert Holland, LEAD ATTORNEY, Holland Law, Knoxville, TN.

For ChoiceData Consumer Services, Inc, Defendant: Danny P Dyer, LEAD ATTORNEY, Gentry, Tipton & McLemore, PC, Knoxville, TN.

For Equifax Information Services, LLC, Equifax Inc, Defendants: Camille W Averett, J Anthony Love, LEAD ATTORNEYS, Kilpatrick Townsend & Stockton, LLP (Atlanta), Atlanta, GA; Richard W Krieg, Lewis, King, Krieg & Waldrop, P.C. (Knox), Knoxville, TN.

For HFC of Nevada, Household Financial Center, Inc., Household Bank, FSB, Household Recovery Services, Inc., Defendants: Michael P Sayne, LEAD ATTORNEY, Baker, Donelson, Bearman & Caldwell, Knoxville, TN.

For Equifax Information Services LLC, Defendant: Camille W Averett, LEAD ATTORNEY, Kilpatrick Townsend & Stockton, LLP (Atlanta), Atlanta, GA.

**JUDGES:** Thomas A. Varlan, UNITED STATES DISTRICT JUDGE. GUYTON.

**OPINION BY:** Thomas A. Varlan

**OPINION**

## MEMORANDUM OPINION

This civil action is before the Court on Defendant Equifax Inc.'s Motion for Summary Judgment [Doc. 22] in which defendant seeks an order dismissing plaintiff's claims against it. Specifically, Equifax Inc. argues that it is only a holding company and is not a consumer reporting agency as defined by the Fair [*2] Credit Reporting Act ("FCRA") nor engaged in the business of preparing consumer reports. Accordingly, Equifax Inc. contends that it cannot be liable for any violation of the FCRA. No response or opposition to the pending motion has been filed and the time for doing so has passed. *See* L.R. 7.1(a), 7.2.

The Court has carefully considered defendant's motion and supporting memorandum [Doc. 23] in light of the entire record and controlling law. For the reasons set forth herein, defendant's motion will be granted and plaintiff's claims against Equifax Inc. will be dismissed with prejudice.

## I. Relevant Facts

This case was removed from the Circuit Court for Knox County, Tennessee, on September 16, 2004 [Doc. 1]. Plaintiff Nancy Slice asserts claims under the FCRA against defendants Choice Data Consumer Services, Inc., Equifax Information Services, LLC, and Equifax Inc. Plaintiff has alleged that defendants are consumer reporting agencies and they distributed a consumer report that contained inaccurate information about a non-existent debt owed by plaintiff to Household Finance. [*Id.*, Complaint at ¶ 7.]

The record contains the affidavit of Kathryn Harris, the Assistant Vice President and Assistant [*3] Corporate Secretary of Equifax Inc. [Doc. 23, Ex. A.] Ms. Harris is responsible for maintaining the books and records for Equifax Inc. and its subsidiaries and she is personally familiar with the structure and function of Equifax Inc. and its subsidiaries. [*Id.* at ¶ 2.]

Ms. Harris states that Equifax Inc. is only a holding corporation headquartered in Georgia. Equifax Inc. has no income except for that derived from its ownership interests in its subsidiaries and affiliates. [*Id.* at ¶ 3.] Equifax Inc. is not in the business of, and does not engage in the practice of, assembling or evaluating consumer credit information or any other information on consumers for the purpose of furnishing reports on such consumers to third parties. [*Id.* at ¶ 4.] Equifax Inc. has not engaged in the business or practice of assembling or evaluating any type of information on consumers for the purpose of furnishing reports on such consumers to third parties at any time during the period from 1977 through the present. [*Id.* at ¶ 5.] Equifax Inc. did not receive, assemble or otherwise deal with any consumer credit information or any other information on plaintiff or any other consumer from 1977 to the present. [*4] [*Id.* at ¶ 6.] Equifax, Inc. did not prepare or furnish a credit report or any other type of report on plaintiff or any other consumer to any person or entity at any time during the period from 1977 through the present. [*Id.* at ¶ 7.] At no time during the period from 1977 to the present, did Equifax Inc. own, receive, store, maintain, process, or otherwise exercise control over or have possession of any consumer credit data or public records information concerning plaintiff. [*Id.* at ¶ 8.]

## II. Analysis

### A. Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). [*5] To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### B. Fair Credit Reporting Act

Plaintiff claims that defendant was negligent in failing to follow reasonable procedures to ensure the maximum accuracy of the information contained in a consumer report regarding an alleged [*6] debt owed by plaintiff to Household Finance in violation of the FCRA, 15 U.S.C. § 1681e. [Doc.1, Complaint at ¶ 7.] Section 1681e(b) states as follows:

> Whenever a *consumer reporting agency* prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) (emphasis added). A "consumer reporting agency" is defined by the FCRA as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). Further, the FCRA defines a "consumer report" in pertinent part as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living [*7] which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes... .

15 U.S.C. § 1681a(d).

Based on the plain language of the statute, a violation of this provision of the FCRA necessarily must be committed by a "consumer reporting agency." Further, a "consumer reporting agency" must be a person or entity that prepares "consumer reports." As explained in *Carney v. Experian Information Solutions, Inc.*, "[t]he FCRA places obligations on three distinct types of entities involved in consumer credit: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. ...In order for plaintiff to state a claim ... under the FCRA, these defendants must fall into one or more of these regulated groups." 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999). As set forth above, it is undisputed that Equifax Inc. is not in the business of assembling or evaluating consumer information for the purpose of preparing consumer reports. It is further undisputed that Equifax Inc. did not [*8] prepare a consumer report or assemble or provide consumer information on the plaintiff. Thus, the Court concludes that Equifax Inc. has not violated the FCRA as alleged because it is not a "consumer reporting agency" and has not furnished or prepared a "consumer report" on the plaintiff.

### III. Conclusion

For the reasons set forth above, defendant Equifax Inc.'s motion for summary judgment will be granted and plaintiff's claims against it will be dismissed with prejudice.

Order accordingly.

/s/ Thomas A. Varlan

Thomas A. Varlan

UNITED STATES DISTRICT JUDGE

### **ORDER**

For the reasons set forth in the accompanying Memorandum Opinion, defendant Equifax Inc.'s Motion for Summary Judgment [Doc. 22] is hereby **GRANTED** and plaintiff's claims against Equifax Inc. are **DISMISSED with prejudice.**

IT IS SO ORDERED.

/s/ Thomas A. Varlan

Thomas A. Varlan

UNITED STATES DISTRICT JUDGE