UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SANDRA JEANNE RANCOURT, | |
| Plaintiff, | Case No. 1:18-cv-00042-JTN-ESC |
| vs. | Judge Janet T. Neff |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES LLC, | |
| Defendants. | |

| | |
|---|---|
| Sandra Jeanne Rancourt<br>9083 Dennings Road<br>Jonesville, MI 49250<br>(502) 609-3132<br>*Plaintiff Pro Se* | KING & SPALDING LLP<br>Kendall W. Carter<br>1180 Peachtree Street NE<br>Atlanta, GA 30309<br>(404) 572-4600<br>Email: kcarter@kslaw.com<br>*Attorneys for Equifax Inc.* |

**DEFENDANT EQUIFAX INC.'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant Equifax Inc., by counsel, files its Reply in further support of its Motion to Dismiss First Amended Complaint ("Motion to Dismiss," Doc. 31) the First Amended Complaint for Violations of the FCRA ("FAC," Doc. 27) and in reply to Plaintiff's Brief in Opposition to Defendant Equifax Inc.'s Motion to Dismiss Plaintiff's Complaint ("Opposition," Doc. 42). For the reasons set forth below and in its opening brief, Equifax Inc.'s Motion to Dismiss should be granted.

1

## ARGUMENT

In her Opposition, Ms. Rancourt argues without any factual or legal basis that anything that bears the name Equifax is attributable to Equifax Inc., and not any of its subsidiaries or affiliates. (Doc. 42 at 2 n.2). Ms. Rancourt's arguments ignore the definition of a consumer reporting agency stated in the FCRA:

> any person which, for monetary fees … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

15 U.S.C. § 1681a(f). Equifax Inc.'s activities in relation to its subsidiaries do not make it a consumer reporting agency as defined by the FCRA. Rather, the sole issue is whether Ms. Rancourt provides a factual and legal predicate to allege that Equifax Inc.'s activities fit the definition of a consumer reporting agency as stated in § 1681a(f). Ms. Rancourt fails to do so in her FAC. In her Opposition, Ms. Rancourt does not posit a legal basis to hold the parent of a consumer reporting agency necessarily liable for the acts of the consumer reporting agency itself.

In its Motion to Dismiss, Equifax cited numerous cases that hold that Equifax Inc. is not a consumer reporting agency. (Doc. 32 at 6-8 (citing *McDonald v. Equifax Inc.*, No. 3:15-CV-3212-B, 2017 WL 879224 (N.D. Tex. Mar. 6, 2017); *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014); *Channing v. Equifax, Inc.*, ., No. 5:11-CV-293-FL, 2013 WL 593942, at * 2

(E.D.N.C. Feb. 15, 2013); *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005); *Frihat v. Citimortgage, Inc.*, No. 07-CV-946, Doc. 60 at 4-5 (W.D. Mo. Dec. 1, 2009) (Doc. 33-1); *Persson v. Equifax Inc.*, No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) (Doc. 33-3); *Weiler v. Equifax Inc.*, No. 2:99-CV-936, Doc. 29 at 2-4 (W.D. Pa. Nov. 16, 2000) (Doc. 33-4).

In her Opposition, Ms. Rancourt argues that the issue of whether Equifax Inc. is a consumer reporting agency should be resolved at the summary judgment stage. (Doc. 42 at 4-6). However, Ms. Rancourt's FAC supplies the necessary facts to resolve the issue now. Ms. Rancourt concedes that Equifax Inc. is a parent holding company of EIS. (Doc. 27 ¶ 7). Ms. Rancourt's own exhibits establish that she sent her requests to EIS, not Equifax Inc. (Doc. 27-2 at 4; Doc. 27-4 at 5). The Consumer Financial Protection Bureau confirms that the address listed on Ms. Rancourt's letters: "P.O. Box 740256, Atlanta, GA 30374" (Doc. 1-5 at 1; Doc. 1-8 at 1), is the address for EIS, not Equifax Inc. (https://www.consumerfinance.gov/ask-cfpb/how-can-i-contact-the-nationwide-credit-reporting-companies-with-general-inquiries-en-1225/). In response to her second request, Ms. Rancourt received a reply letter that clearly states that it was sent by Equifax Information Services LLC:

> Please return this letter along with the requested information and your original correspondence/request to the address below.
>
> Equifax Information Services LLC

3

>   PO BOX 105167
>   Atlanta. GA 30348-5167

Thank you for the opportunity to assist you.

Equifax Information Services LLC

>   Equifax Information Services LLC    November 22, 2017
>   PO Box 105167
>   Atlanta. GA 30348-5167

(Doc. 27-5 at 2-3). Moreover, Ms. Rancourt fails to cite a single decision that holds that Equifax Inc. is a consumer reporting agency. Accordingly, the Court should grant the Motion to Dismiss Equifax Inc.

## **CONCLUSION**

For the reasons set forth above and in its original brief, Equifax Inc. requests that this Court grant the Motion to Dismiss and dismiss Ms. Rancourt's FAC pursuant to Rule 12(b)(6) and for such other relief as the Court deems necessary.

Respectfully submitted this 24th day of May, 2018.

>   */s/ Kendall W. Carter*
>   Kendall W. Carter
>   King & Spalding LLP
>   1180 Peachtree St. NE
>   Atlanta, GA 30309
>   Tel. (404) 572-4600
>   Fax. (404) 572-5100
>
>   Gregory N. Longworth
>   CLARK HILL PLC
>   200 Ottawa Avenue N.W., Suite 500
>   Grand Rapids, MI  49503

                Tel. 616.608.1100
                Fax 616.608.1199

*Attorneys for Equifax Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Sidney Lawrence Frank
Frank Haron Weiner & Navarro PLC
5435 Corporate Dr., Ste. 225
Troy, MI 48098

Tamara Elizabeth Fraser
Williams Williams Rattner & Plunkett PC
380 N Old Woodward Ave., Ste. 300
Birmingham, MI 48009

Colin C. Poling
Scott E. Brady
Schuckit & Associates PC
4545 Northwestern Dr.
Zionsville, IN 46077

And via U.S. Mail to:
Sandra Jeanne Rancourt
9083 Dennings Road
Jonesville, MI 49250

*/s/ Kendall W. Carter*
Kendall W. Carter