UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SANDRA JEANNE RANCOURT**,

    Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANS UNION, LLC,** and **EQUIFAX, INC.,**

    Defendants.

Case No. 1:18-cv-00042
Honorable Janet T. Neff
Magistrate Ellen S. Carmody

## AGREED MUTUAL PROTECTIVE ORDER

Plaintiff, Defendant Experian Information Solutions, Inc., Defendant Trans Union, LLC, and Defendant Equifax, Inc. hereby stipulate and agree to the following Protective Order.

## BACKGROUND

A.  Documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology, internal logs, and policy/procedure documents belonging to the Defendants as well as personal income, credit and other confidential information of Plaintiff.

B.  The parties desire to enter into a mutual agreement regarding the confidentiality of this information and governing the production and use of this information.

NOW THEREFORE, this matter having come before the Court and the Court, being first duly advised, now finds and orders as follows:

1. **Right to Designate Information as "Confidential".** The Pro Se party and the counsel for any party (or for a nonparty witness or deponent which shall be included in the term "Designating Party") may designate as "Confidential" any document, testimony or other discovery material that contains confidential commercial, financial, trade secret, proprietary, or personal credit information to which they in good faith believe access should be limited to litigation counsel presently of record for the parties, or subsequently substituted as well as Plaintiff represented in pro per.

2. **Definition of "Confidential" Information.** The term "Confidential" means information so designated by a Designating Party in writing (or orally if recorded as part of a deposition or court record), whether revealed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence or otherwise.

3. **Definition of Designated Information.** Any information that is designated as "Confidential" is Designated Information.

4. **Identification of Designated Information.** Each party shall inform the other party or parties which materials are considered "Confidential" Information designated as "Confidential" shall be identified "Confidential," or the like, by a code upon which all parties agree. Such words or code shall be placed on or affixed to each document and page thereof which contains Designated Information, and in the case of an interrogatory answer, the specific portion of such answer which contains Designated Information. When information not initially designated as "Confidential" is so

designated later in writing, each party shall make a reasonable effort to retrieve documents containing the later-Designated Information and otherwise ensure that persons to whom the Designated Information has been disclosed will treat it as "Confidential." However, no sanctions shall be imposed upon a party for any disclosure of the later - Designated Information made prior to the party's receiving written notification of the later designation of the information as confidential.

5.      **Protection of Designated Information.**  Designated Information and any notes, summaries, memoranda, exhibits or other documents which include or describe Designated Information shall be retained by the recipient Pro se party to this case and the counsel for the represented Recipient Party and, except as required by law, governmental agency or court order and except as provided herein, shall not be disclosed to any person (except those persons described in paragraphs 6 through 7 of this Order) or used by counsel for any party or by any party other than in connection with this action (the "Litigation"). Persons to whom access to Designated Information is given pursuant to this Order shall keep such information and any copies, abstracts, or summaries thereof secure in accordance with the purposes and intent of this Order and shall adopt and employ all suitable precautions to cure continued confidentiality, non-use and nondisclosure including, without limitation, such precautions as precautions against copying and provision for safekeeping.

6.      **Counsel's and Others' Access to Designated Information.**  Except as provided in paragraph 7 below, the persons or entities entitled to have access to Designated Information produced by another person shall be restricted to (a) the Court

3

and its employees and any reporter transcribing testimony at any hearing, trial, deposition or other formal proceeding in the Litigation including but not limited to any appeal therefrom; (b) the counsel and client for any party who are charged with the responsibility for, or are actively engaged in, preparation for trial or the trial of the Litigation and employees of such counsel who are assisting counsel in connection with the Litigation; and, (c) the Pro se party to this case; and, (d) witnesses may be shown Confidential documents during the course of their deposition but shall not retain any copies and shall be advised, by questioning counsel, of the existence of this Protective Order and the need for such information to remain confidential.

7. **Disclosure of Designated Information to Outside Experts.**  The Pro se party to this case and Counsel for any represented Recipient Party may disclose any "Confidential" Information to an outside expert who is to assist that counsel in preparation for the trial in the litigation, or who is expected to testify at the trial in the litigation.  The outside expert shall be advised of the existence and terms of this Protective Order and may not retain any disclosed protected material after the conclusion of this case.

8. **Limitation on Copying.**  No copies, summaries, or abstracts of Designated Information shall be made by a party or its counsel for distribution or use by persons other than those described in paragraphs 6 through 7.

9. **Depositions.**  Any deposition or portion thereof during which "Confidential" Information is being disclosed shall be taken in camera without any persons in attendance other than the witnesses and those persons described in paragraphs

01212160.DOCX

6 through 7.

10. **Time for Designation of Deposition Designated Information.**  At the time of the deposition if possible, but not later than 30 days after receipt of the deposition transcript, counsel and the Pro se party to this case shall designate those portions of the deposition testimony which they deem "Confidential" Information.  Counsel and the Pro Se party to this case shall designate those portions of answers to interrogatories and responses to requests for admission that they deem confidential when the answers and responses are served.

11. **Dispute as to Confidentiality.**  Any party may contest the designation of any information as "Confidential."  A failure to challenge a claim of Designated Information shall not constitute agreement that such claim is valid and shall not prejudice any party or person.  If any party disagrees with any designation of any information as "Confidential" they shall notify the counsel for the Designating Party or the Pro Se Party in this case, and they shall attempt to resolve the dispute.  If the dispute is not so resolved, the party contesting the designation shall place the dispute before the Court, demonstrating the designation incorrect, and the information shall continue to be kept Confidential unless and until the Court rules otherwise.

12. **Subjects Not Covered.**

   a. Each party reserves the right to oppose on any grounds disclosure of any Designated Information to persons not designated in paragraphs 6 through 7.  Nothing herein shall affect in any way the admissibility or inadmissibility of any document, testimony or other evidence at trial.  Nothing herein shall constitute a waiver of any

applicable privilege or limit in any way a party's use of its own Designated Information.

b. Subject to the exceptions stated in paragraph 6 and the preceding section of this paragraph, this order shall not limit a party's right to oppose discovery on any other ground.

13. **Voluntary Waiver.**  At any time after any information is designated "Confidential," the Designating Party may agree that the Designated Information may be disclosed to specified persons, and the Designating Party may waive to any extent the protections of this Order.  Any such agreement or waiver must be in writing or by statement made on the record at a deposition.

14. **Retained Jurisdiction.**  The Court retains jurisdiction to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of materials containing Designated Information at the termination of this action.

15. **Amendment.**  This Order may be amended by the written agreement of the Pro se party in this case and the counsel for the other parties in the form of a stipulation that shall be approved by the Court.

16. **Disposition of Designated Information.**  Within 60 days after termination of the Litigation, any party receiving Designated Information shall destroy or return all Designated Information and copies (including excerpts and summaries of any materials provided to experts pursuant to paragraph 8) to counsel for the producing party or entity.

17. **Notice.**  If any party is served with a subpoena or other notice compelling

the disclosure of Designated Information, that party shall give written notice to the Designating Party, as far in advance of the requested production date as is reasonably possible, so that the Designating Party shall have an opportunity to object to the disclosure.

18. **Non-Parties.**  The terms of this Order shall apply to information produced by nonparties for use in the Litigation.

19. **Survival.**  The terms of this Order shall survive the termination of the Litigation.

20. **Inadvertent Production.**  The inadvertent production of any document or information during discovery in the Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product.  No party or entity shall be held to have waived any rights by such inadvertent production so long as the Recipient Party is notified within 30 days of the discovery of such inadvertent production.  Upon written request by the inadvertently producing party, the Recipient Party shall (even if the Recipient Party disagrees that the document is privileged) return all copies of the document and not use the information in the document for any purpose until further order of the Court.

21. **Motion must be filed prior to filing documents under seal** - This order does not authorize the filing of any documents under seal except as outlined herein. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to include Designated Information in a filing with the court must either (1) file and serve a motion pursuant to Local Rule 5.3 seeking to file the Designated

Information under seal, or (2) provide at least 10 business days' notice to the Designating Party of the intent to file the Designated Information in the court record so that the Designating Party has the opportunity to move the court to file the Designated Information under seal. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. A party seeking to file such items under seal shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing. See Local Rule 5.3.

If the situation should arise where a party must file a brief with the court to comply with a deadline before a ruling is issued by the Court on a motion to seal, this Order will allow the Confidential information to be temporarily filed under seal until the Court rules on the pending motion. If the motion to seal is denied, the document shall be refiled without seal protection.

Date: _____        _____
                                            Hon. Ellen Carmody

AGREED TO:


_____              */s/ Tamara E. Fraser*
Sandra Jeanne Rancourt                      Tamara E. Fraser (P51997)

01212160.DOCX

| | |
|---|---|
| In Pro Per<br>9083 Dennings Road<br>Jonesville, MI  49250<br>renucove@aol.com | Attorney for Defendant Experian<br>Information Solutions, Inc.<br>tefraser@wwrplaw.com<br><br><br>*/s/ James Policchio (w/permission)*<br>James Policchio<br>Attorney for Trans Union, LLC<br>jpolicchio@schuckitlaw.com<br><br><br>*/s/ Kendall W. Carter (w/permission)*<br>Kendall W. Carter, Esq.<br>Attorney for Equifax, Inc.<br>kcarter@kslaw.com |