Exhibit A

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SANDRA JEANNE RANCOURT,<br>Plaintiff, | CASE NO. 1:18-cv-00042-JTN-ESC |
| vs. | Judge Janet T. Neff<br>Magistrate Judge Ellen S. Carmody |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC.; TRANS<br>UNION, LLC; EQUIFAX, INC.;<br>and EQUIFAX INFORMATION<br>SERVICES, LLC;<br>Defendants. | |

## TRANS UNION, LLC'S
## FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF

Defendant Trans Union, LLC ("Trans Union"), by counsel, tenders the following First Set Of Requests For Admission To Plaintiff (the "Requests"), pursuant to Rule 36 of the Federal Rules of Civil Procedure.  You are required to answer these Requests fully and without evasion, under oath and within thirty (30) days service, or they are deemed admitted.

### TERMS AND DEFINITIONS

As used in this Request, the following terms shall have the meaning(s) set forth below:

1.     **"Plaintiff," "you"** and **"yours"** are defined as Sandra Jeanne Rancourt and Plaintiff's attorney of record, any of Plaintiff's present or former agents, employees, attorneys, representatives, and any other person or entity purporting to act on Plaintiff's behalf.

2.     **"Defendant"** or **"Trans Union"** means Trans Union, LLC and its attorney(s) of record, its parents, subsidiaries, any entity with which it is affiliated or any of its present or former administrators, directors, officers, employees, agents, attorneys, representatives and any other person or entity acting or purporting to act on its behalf.

3.  **"Complaint"** is defined as Plaintiff's most recently filed Original, Supplemental or Amended Complaint.

4.  **"Person"** is defined as any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission or other such entity.

5.  **"Communicate"** and **"Communication"** are defined as (1) every manner or means of disclosure, transfer, or exchange of information, and (2) every disclosure, transfer or exchange of information, whether made or accomplished orally or by document, whether face-to-face, by telephone, mail, telex, facsimile, personal delivery, electronic mail (e-mail) or otherwise.

6.  **"Document"** means any tangible object or electronic data in any form or format whatsoever from which intelligence can be perceived.

7.  **"Relate to"** and **"relating to"** mean having any possible connection within the broadest sense of those terms.

8.  **"And"** means and/or and **"or"** means and/or.

9.  **"Including"** is defined as "including but not limited to."

10.  **"Employee"** is defined as any person who at any time during the time period covered by a request acted or purported to act on Plaintiff's behalf, including all past and present directors, officers, executives, agents, servants, representatives, attorneys, accountants, independent contractors, advisors, or consultants of such other person(s).

11.  **"State,"** **"identify"** and **"detail"** mean to describe fully and with specificity each and every item of information and reasoning which explains the answer to be given including, but not limited to, identification of all documents and persons relating to or referring thereto; and identification of all communications and dates on the subject; and a statement of the dates and

substance of all acts or events relating in any way to the subject matter of the Request or Interrogatory.

12.     The use of the singular shall be deemed to include the plural, and the masculine and the feminine, as appropriate in the context.

13.     Every reference to a company encompasses the officers, directors, agents, servants, employees, attorneys, or representative of the company.

**REQUESTS FOR ADMISSION**

**Request No. 1**: Admit you never have had a personal relationship with any person known to you to be a Trans Union employee.

**RESPONSE**:


**Request No. 2**: Admit you never have personally met anyone known to you to be a Trans Union employee.

**RESPONSE**:


**Request No. 3**: Admit you know of no reason why any Trans Union employee would want to cause you harm.

**RESPONSE**:


**Request No. 4**: Admit that you are not aware of and have no evidence that any Trans Union employee ever misrepresented anything to you.

**RESPONSE**:

**Request No. 5**:  Admit that you are not aware of and have no evidence that any Trans Union employee ever concealed anything from you.

**RESPONSE**:


**Request No. 6**:  Admit the actions of Trans Union in handling your credit file and in dealing with you were not done with the intent to harm you.

**RESPONSE**:


**Request No. 7**:  Admit that no creditor has told you that you were denied credit or had terms changed based on a consumer report from Trans Union.

**RESPONSE**:


**Request No. 8**:  Admit that no creditor has told you that you were denied credit or had terms changed based on information you claim is inaccurate on a consumer report from Trans Union.

**RESPONSE**:


**Request No. 9**:  Admit that you have never had any oral communications with anyone at Trans Union.

**RESPONSE**:


**Request No. 10**:  Admit that you never had any written communications with Trans Union.

**RESPONSE**:

__Request No. 11__:  Admit that no one at Trans Union made a false statement in any oral communication to you.

__RESPONSE__:

__Request No. 12__:  Admit that no one at Trans Union made a false statement in any written communication to you.

__RESPONSE__:

__Request No. 13__:  Admit that no one at Trans Union made a false statement to you.

__RESPONSE__:

__Request No. 14__:  Admit that you have not been examined by a medical doctor as a result of the events which form the basis of this litigation.

__RESPONSE__:

__Request No. 15__:  Admit that you have not been examined by a psychologist as a result of the events which form the basis of this litigation.

__RESPONSE__:

__Request No. 16__:  Admit that you have not met with a psychiatrist as a result of the events which form the basis of this litigation.

__RESPONSE__:

**Request No. 17**:  Admit that you have not been examined by any mental health professional as a result of the events which form the basis of this litigation.

**RESPONSE**:


**Request No. 18**:  Admit that you have not been examined by any spiritual advisor as a result of the events which form the basis of this litigation.

**RESPONSE**:


**Request No. 19**:  Admit that you have not been examined by any counselor as a result of the events which form the basis of this litigation.

**RESPONSE**:


**Request No. 20**:  Admit that no medical professional has examined you to treat or diagnose any condition caused by the events which form the basis of this litigation.

**RESPONSE**:


**Request No. 21**:  Admit that you have not incurred any expenses in connection with medical, spiritual or counseling treatment resulting from the events which form the basis of this litigation.

**RESPONSE**:

<u>**Request No. 22**</u>:   Admit that Trans Union followed reasonable procedures to assure maximum possible accuracy of the information Trans Union reported with respect to you.

<u>**RESPONSE**</u>:

<u>**Request No. 23**</u>:  Admit that Trans Union has not violated any provision of the Fair Credit Reporting Act, codified at 15 U.S.C. § 1681a, <u>et seq.</u>, with respect to you.

<u>**RESPONSE**</u>:

<u>**Request No. 24**</u>:  Admit that you were not damaged as a result of any act or omission on the part of Trans Union.

<u>**RESPONSE**</u>:

<u>**Request No. 25**</u>:  Admit that you were not denied credit or had terms changed as a result of the information Trans Union reported with respect to you.

<u>**RESPONSE**</u>:

<u>**Request No. 26**</u>:   Admit that prior to filing the Complaint in this case, all allegedly inaccurate information Trans Union had reported with respect to you had been corrected.

<u>**RESPONSE**</u>:

<u>**Request No. 27**</u>:  Admit that you have not suffered any emotional distress, humiliation, embarrassment or mental anguish as a result of Trans Union's conduct.

<u>**RESPONSE**</u>:

**Request No. 28**:  Admit that you have not suffered any out-of-pocket loss as a result of any inaccurate information Trans Union has reported with respect to you.

**RESPONSE**:


**Request No. 29**:  Admit you took no actions to mitigate the damages you claim, including but not limited to those you claim were caused by Trans Union.

**RESPONSE**:


**Request No. 30**:  Admit that if the furnishers of the credit information you claim is inaccurate had not provided inaccurate information and/or not verified inaccurate information to Trans Union, you would not have suffered any damages.

**RESPONSE**:


**Request No. 31**:  Admit that Trans Union never furnished inaccurate information about you in a credit report to any third party.

**RESPONSE**:


**Request No. 32**:  Admit that Trans Union never furnished your credit report to any third party.

**RESPONSE**:

**Request No. 33**:  Admit that Trans Union's reinvestigation(s) of your dispute(s) regarding the information Trans Union reported with respect to you were reasonable.

**RESPONSE**:

**Request No. 34**:  Admit that no allegedly inaccurate information Trans Union reported with respect to you was a factor that brought about any denial or change of terms of credit to you.

**RESPONSE**:

**Request No. 35**:  Admit that Trans Union did not knowingly commit any act or omission in conscious disregard for your rights.

**RESPONSE**:

**Request No. 36**:  Admit that Trans Union did not intentionally commit any act or omission in conscious disregard for your rights.

**RESPONSE**:

**Request No. 37**:  Admit that Trans Union did not recklessly commit any act or omission in conscious disregard for your rights.

**RESPONSE**:

**Request No. 38**:  Admit that you have no state or common law claims against Trans Union regarding the basis for this lawsuit.

**RESPONSE**:

**Request No. 39**:  Admit that Trans Union did not withhold any information from you that it was required to provide you pursuant to Section 1681g of the Fair Credit Reporting Act.

> **RESPONSE**:


**Request No. 40**:  Admit that the "TransUnion Personal Credit Reports" you received from Trans Union fully complied with the requirements of Section 1681g of the Fair Credit Reporting Act.

> **RESPONSE**:

Respectfully submitted,

Date: April 26, 2018

Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq. (IN #30534-49)
James L. Policchio, Esq. (IN #34737-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: 317-363-2400
Fax: 317-363-2257
E-Mail: sjansen@schuckitlaw.com
E-Mail: sbrady@schuckitlaw.com
E-Mail: jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been deposited into the United States mail, first class, properly addressed as follows, this **26th day of April, 2018:**

| **Pro Se Plaintiff**<br>Sandra Jeanne Rancourt<br>9083 Dennings Road<br>Jonesville, MI  49250 | **for Defendant Experian Information Solutions, Inc.**<br>Sidney L. Frank, Esq.<br>Frank Haron Weiner & Navarro PLC<br>5435 Corporate Drive, Suite 225<br>Troy, MI  48098<br><br>Tamara E. Fraser, Esq.<br>Williams Williams Rattner & Plunkett PC<br>380 N. Old Woodward Avenue, Suite 300<br>Birmingham, MI  48009 |
| **for Defendant Equifax, Inc.**<br>Jordan S. Bolton, Esq.<br>Clark Hill PLC<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI  4822-3435<br><br>Kendall W. Carter, Esq.<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA  30309 | |

Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq.  (IN #30534-49)
James L. Policchio, Esq. (IN #34737-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax: 317-363-2257
E-Mail:  sjansen@schuckitlaw.com
E-Mail:  sbrady@schuckitlaw.com
E-Mail:  jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

SANDRA JEANNE RANCOURT,
                Plaintiff,

      vs.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS
UNION, LLC; EQUIFAX, INC.;
and EQUIFAX INFORMATION
SERVICES, LLC;
                Defendants.

CASE NO. 1:18-cv-00042-JTN-ESC

Judge Janet T. Neff
Magistrate Judge Ellen S. Carmody

---

## TRANS UNION, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

---

Defendant Trans Union, LLC ("Trans Union"), by counsel, tenders the following Interrogatories to Plaintiff, pursuant to Rule 33 of the Federal Rules of Civil Procedure. You are required to answer these Interrogatories fully and without evasion, under oath and within thirty (30) days of service. The following are deemed to be continuing Interrogatories, and therefore, if you, at any time, receive information which renders your answers to these Interrogatories incomplete, inaccurate or in any way misleading, you are required to supplement those answers accordingly.

### Definitions and Instructions

1.    If you object to any portion of an Interrogatory on the grounds that it seeks privileged information, identify all persons to whom this information has been communicated, the general nature of such information, the nature of the privilege asserted and the dates of any communications or documents for which the privilege is asserted.

2.     **"Plaintiff," "you"** and **"yours"** are defined as Sandra Jeanne Rancourt and Plaintiff's attorney of record, any of Plaintiff's present or former agents, employees, attorneys, representatives, and any other person or entity purporting to act on Plaintiff's behalf.

3.     **"Defendant"** or **"Trans Union"** means Trans Union, LLC and its attorney(s) of record, its parents, subsidiaries, any entity with which it is affiliated or any of its present or former administrators, directors, officers, employees, agents, attorneys, representatives and any other person or entity acting or purporting to act on its behalf.

4.     **"Possession, custody or control"** means any documents that Plaintiff can direct anyone to produce, including but not limited to its attorneys or other agents.

5.     **"And"** means and/or and **"or"** means and/or.

6.     **"Relate to"** and **"relating to"** mean having any possible connection within the broadest sense of those terms.

7.     **"Document"** means any tangible object or electronic data in any format whatsoever from which intelligence can be perceived.

8.     **"State," "identify"** and **"detail"** mean to describe fully and with specificity each and every item of information and reasoning which explains the answer to be given including, but not limited to, identification of all documents and persons relating to or referring thereto; and identification of all communications and dates on the subject; and a statement of the dates and substance of all acts or events relating in any way to the subject matter of the Interrogatory.

9.     **"Knowledge"** means and includes both firsthand information and information derived from any other source.

10.    All terms in these Interrogatories are to be defined in the broadest sense to include and require rather than limit the answers sought.

11.     When there is a request for the identity of a person, please state his or her: (a) name; (b) title or position; (c) present or last known business and home address; and (d) present or last known employer.

12.     **IF YOU OBJECT TO ANY INTERROGATORY, PROVIDE ALL INFORMATION RESPONSIVE TO THE UNOBJECTED OR LIMITED PORTIONS AND IDENTIFY THE LIMITATION.**

## Interrogatories

1.     Identify the person answering these Interrogatories, all persons who assisted in the preparation of the answers, and state how each person participated in the preparation of the answers and identify their Social Security numbers.

**ANSWER:**

2.     State your full name (complete first name, middle name, and last name), nicknames, former names, and/or aliases which you have used and the periods during which each name was used, social security number (and, if more than one, state when each social security number was obtained and used), date of birth, and every address you have used since you were eighteen (18) years of age, including your present address, and the dates you used each address.

**ANSWER:**

3.      State your work history for the last ten (10) years, including the names and addresses of each employer, each supervisor's name, each job title you held, the responsibilities of each job, the dates of each job, your salary or rate of pay at each job, and the reason each job was left.

**ANSWER:**

4.      State the name, address and telephone number of every person or entity with which you have applied for credit, from which you have received credit or which has reviewed your credit history, report or rating in the last seven (7) years, and for each person or entity identified state the type and date of credit transaction involved, the terms of the credit, the amount you sought to finance, the disposition or outcome of the credit transaction, the reasons provided therefor, identify all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER:**

5.      With respect to each application or extension of credit identified in response to Interrogatory No. 4, state whether you allege that any action and/or inaction of Trans Union or any other person or entity affected such application for or extension of credit in any way. If so, please specify what effect such action and/or inaction allegedly had, including but not limited to, the denial of credit, any increase in variance in the applicable interest rate (and the amount of such

increase, if any), any variance in any of the terms of the transaction, identify all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER:**

6.     Identify each and every inaccuracy you contend exists or ever existed in any consumer report or disclosure prepared by Trans Union or any other consumer reporting agency, which forms the basis of this suit or any other claims you believe you have against Trans Union or any other person or entity.  With regard to each such alleged inaccuracy, identify:  (a) the date and preparer of the consumer report or disclosure in which it appeared; (b) the date upon which you first became aware of the alleged inaccuracy, and how you became aware of it; (c) what you contend is inaccurate and why; and (d) all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER:**

7.     State what effect, if any, each alleged inaccuracy (identified in your response to Interrogatory No. 6) had, including but not limited to a denial of credit, any increase or variance in the applicable interest rate (and the amount of such increase, if any), or any variance in any of the terms of the transaction, how the inaccuracy caused the effect, whether other items or matters contributed to or acted with the effect of lost opportunities, whether any other person or entity

participated in causing, or contributed to causing, such damage, the dates thereof, and identify all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER:**

8.    Identify all communications (written and oral) between you (or anyone acting on your behalf) and Trans Union or any other consumer reporting agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

**ANSWER:**

9.    Identify all communications (written and oral) between you (or anyone acting on your behalf) and any furnisher of information to Trans Union or any other consumer reporting agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

**ANSWER:**

10.     Identify any and all injuries and/or damages you claim to have suffered in this lawsuit and whether they resulted from any alleged action or inaction of Trans Union or any other person or entity.  With respect to each, identify:  (a) the injury and amount of damages sought; (b) how and why you believe Trans Union or another entity or person caused you to suffer such injury and damages; (c) whether any other person or entity participated in causing or was involved with such injury and damages; (d) your method of determining the type of injury and calculating the amount of damages; (e) any and all documents within your possession, custody or control which support or relate to your Response to this Interrogatory; and (f) all persons with knowledge of the foregoing and the details of their knowledge.

**ANSWER**:

11.     If you contend you have experienced any sort of physical, mental or emotional distress as the result of any alleged action or inaction of Trans Union or any other person or entity, describe with particularity each symptom you claim to have experienced, the frequency and severity of each symptom, the names of all persons with knowledge of the foregoing and the details of their knowledge, and state whether you have ever suffered them or sought medical treatment or counseling prior to or after the alleged wrongful actions or inactions of Trans Union or any other person or entity, including without limitation, psychiatric or psychological treatment or counseling, for any such alleged physical, mental or emotional distress.  If so, identify the date or dates on which you sought such treatment or counseling, how often you sought such treatment or

counseling, the name, business address and telephone number of each medical professional you consulted with and the diagnosis, if any, that resulted from such treatment or counseling.

     **ANSWER:**

12.    If you claim willful violations of the FCRA against Trans Union or any other person or entity in this case, please identify the complete factual and legal basis for such claims including, but not limited to: (a) a description of each alleged act and/or omission by Trans Union or any other person or entity which you contend supports your claim for punitive damages; (b) the date each such act and/or omission occurred; (c) any and all laws, regulations or statutes (including specific subsections) relied upon to support such a claim; (d) any person or entity that contributed to or caused such violations; and (e) identify all persons with knowledge of the foregoing and the details of their knowledge.

     **ANSWER:**

13.    Identify each section and subsection of 15 U.S.C. § 1681, et seq., or other law that you allege Trans Union or any other person or entity violated in this matter, the facts which you contend relate to and support each such violation, all persons with knowledge of the foregoing and the details of their knowledge.

     **ANSWER:**

14.     Identify any other information in your possession, custody or control relating to any of the claims or defenses in this matter or upon which you could base an assertion of any of the allegations of the Complaint or a denial of any defenses, identify all persons with knowledge of the facts which relate thereto, and state the details of their knowledge and their expected testimony, if any.

**ANSWER:**

15.     State whether any claims or legal proceedings have been made by or against you in the last ten years, and state all facts relating to them.

**ANSWER:**

16.     State the dates you first and later obtained legal knowledge or advice relating to your claims, including but not limited to the dates of your first and later contacts with an attorney prior to filing suit and the name, address, and telephone number of that attorney.

**ANSWER:**

17.   Identify any requests to any person or entity for payments or benefits of any kind or character in connection with, as a result of, or relating to the matters involved in this lawsuit.

**ANSWER**:

18.   State whether any party to this case or any person identified by any person or entity as having knowledge of relevant facts or discoverable information have ever been involved in criminal activity or investigated, arrested, charged or convicted of a crime, and detail all facts relating to it.

**ANSWER**:

19.   Identify any and all information you claim Trans Union failed to provide to you in response to any request made by you for all information in your Trans Union file.

**ANSWER**:

20.   For every response to Trans Union, LLC's First Set Of Requests For Admission that contains anything other than an unqualified admission:

      a.      State each and every fact relating to or upon which you base your denial or qualified admission and, if insufficient knowledge is claimed, state all steps taken by you and/or your attorney to obtain the requisite knowledge for a good faith response to Trans Union's request;

      **ANSWER**:

      b.      Describe each and every document you contend relates to or supports your denial or qualified admission and, if insufficient knowledge is claimed, identify all material reviewed to obtain the requisite information necessary for a good faith response; and

      **ANSWER**:

      c.      Identify each and every person with knowledge of facts relating to or supporting your denial or qualified admission and state the specifics of their knowledge and, if insufficient knowledge is claimed, identify all individuals or entities contacted to obtain the requisite documentation or information necessary for a good faith response.

      **ANSWER**:

Respectfully submitted,

Date: April 26, 2018

Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq.  (IN #30534-49)
James L. Policchio, Esq. (IN #34737-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  sjansen@schuckitlaw.com
E-Mail:  sbrady@schuckitlaw.com
E-Mail:  jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

**I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING RESPONSES ARE TRUE TO THE BEST OF MY KNOWLEDGE.**

_____
Signature

_____
Printed Name

_____
Date

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been deposited into the

United States mail, first class, properly addressed as follows, this **26th day of April, 2018:**

| | |
|---|---|
| **Pro Se Plaintiff**<br>Sandra Jeanne Rancourt<br>9083 Dennings Road<br>Jonesville, MI  49250 | **for Defendant Experian Information Solutions, Inc.**<br>Sidney L. Frank, Esq.<br>Frank Haron Weiner & Navarro PLC<br>5435 Corporate Drive, Suite 225<br>Troy, MI  48098<br><br>Tamara E. Fraser, Esq.<br>Williams Williams Rattner & Plunkett PC<br>380 N. Old Woodward Avenue, Suite 300<br>Birmingham, MI  48009 |
| **for Defendant Equifax, Inc.**<br>Jordan S. Bolton, Esq.<br>Clark Hill PLC<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI  4822-3435<br><br>Kendall W. Carter, Esq.<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA  30309 | |

Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq.  (IN #30534-49)
James L. Policchio, Esq. (IN #34737-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  sjansen@schuckitlaw.com
E-Mail:  sbrady@schuckitlaw.com
E-Mail:  jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

SANDRA JEANNE RANCOURT,
Plaintiff,

vs.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS
UNION, LLC; EQUIFAX, INC.;
and EQUIFAX INFORMATION
SERVICES, LLC;
Defendants.

CASE NO. 1:18-cv-00042-JTN-ESC

Judge Janet T. Neff
Magistrate Judge Ellen S. Carmody

## TRANS UNION, LLC'S
### *FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF*

Defendant Trans Union, LLC ("Trans Union"), by counsel, requests Plaintiff to serve a written response and to produce and permit the inspection and copying of the following designated documents (including, without limitation, writings, drawings, graphs, charts, photographs, phone records and other data compilations from which intelligence can be perceived, with or without the use of detection devices) which are in the possession, custody or control of Plaintiff at the offices of Trans Union's Counsel within thirty (30) days after the service of this Request.

### Definitions and Instructions

1.      **"Plaintiff," "you"** and **"yours"** are defined as Sandra Jeanne Rancourt and Plaintiff's attorney of record, any of Plaintiff's present or former agents, employees, attorneys, representatives, and any other person or entity purporting to act on Plaintiff's behalf.

2.      **"Defendant"** or **"Trans Union"** means Trans Union, LLC and its attorney(s) of record, its parents, subsidiaries, any entity with which it is affiliated or any of its present or former

administrators, directors, officers, employees, agents, attorneys, representatives and any other person or entity acting or purporting to act on its behalf.

3.     **"Possession, custody or control"** means any documents that Plaintiff can direct anyone to produce, including but not limited to its attorneys or other agents.

4.     **"Document"** shall be broadly construed and means and includes, without limitation, every writing or record of any type and description that is in Plaintiff's possession, control, or custody, including any and all records kept by electronic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information can be obtained. For the purposes of this Request, any document that contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to identification. A document is deemed to be within Plaintiff's control if Plaintiff has ownership, possession, or custody of the document or a copy, or the right to secure the document or a copy from any person or public or private entity having physical possession of it.

5.     **"And"** means and/or and **"or"** means and/or.

6.     **"Relate to"** and **"relating to"** mean having any possible connection within the broadest sense of those terms.

7.     **"Knowledge"** means and includes both firsthand information and information derived from any other source.

8.     All terms in this Request are to be defined in the broadest sense to include and require rather than limit the production sought.

9.     If any documents are withheld, state the date, author, recipients, nature of intelligence which can be perceived therein and the grounds for withholding.

10.     Documents produced shall be organized and labeled to correspond with the categories in the request.

11.     Request is hereby made for an Affidavit from a person with knowledge indicating that the response to this request is true, correct and complete.

12.     **IF YOU OBJECT TO ANY REQUEST, PROVIDE ALL DOCUMENTS RESPONSIVE TO UNOBJECTED OR LIMITED PORTIONS AND IDENTIFY THE LIMITATION, AND, IF PRIVILEGED, PRODUCE A LOG.**

### Categories of Requested Documents

All documents relating to any of the matters involved in this suit or which you intend to offer into evidence at trial, including but not limited to:

1.     All documents relating to your credit file or any accounts contained therein, including but not limited to documents you created, sent to or received from Trans Union or any other defendant, consumer reporting agency, creditor, person or entity.

**RESPONSE**:


2.     All documents relating to the claims, assertions or defenses in this matter, including but not limited to documents reflecting the knowledge of any party or third-party relating to your credit file, your claims, and Trans Union's or any other party's defenses.

**RESPONSE**:

3.      All documents sent to or received by you (or anyone on your behalf) from and to any of your creditors, entities reported to be your creditor, debt collectors, or persons or entities with whom you have applied for credit in the last seven (7) years.

**RESPONSE**:

4.      All documents relating to documents sent to or received from any consumer reporting agency, including but not limited to, Trans Union.

**RESPONSE**:

5.      Each and every consumer report or other disclosure, as those terms are defined in 15 U.S.C. § 1681, et seq., made about you, obtained from any source in the seven (7) years prior to the filing of the complaint in this action.

**RESPONSE**:

6.      All documents which relate to or support any monetary damages claims including but not limited to all documents which reflect any denials, rate changes, charges or expenses incurred by you, for which you are seeking remuneration in this lawsuit.

**RESPONSE**:

7.     All documents relating to any physical damages claimed, including any relating to pre-existing or prior health, physical or psychological problems.

**RESPONSE**:

8.     All documents evidencing, referring or relating in any way to the amount and calculation of attorney's fees and costs incurred by you in this action, and attributable to Trans Union's or others' alleged violation of 15 U.S.C. § 1681, et seq., or other law.

**RESPONSE**:

9.     All documents identified or requested to be identified in response to Trans Union, LLC's First Set of Interrogatories to Plaintiff.

**RESPONSE**:

10.     All documents by and between the parties.

**RESPONSE**:

11.     All documents provided to, received from or prepared by any expert relating to this matter, considered or relied upon to formulate each of the opinions in any report prepared by the expert, and all documents relating to such expert's activities in other credit reporting matters for

the last ten years, including, but not limited to work papers, correspondence, reports, and testimony.

    **RESPONSE**:

    12.    All documents relating to statements made by any party, witness or other person relating to any of the matters involved in this suit.

    **RESPONSE**:

    13.    Your financial statements and federal and state tax returns for the last ten (10) years.

    **RESPONSE**:

    14.    All documents relating to requests made by you upon any person or entity for payments or benefits of any kind or character sought in connection with, as a result of, or relating to matters relating to the matters involved in this suit.

    **RESPONSE**:

    15.    All documents reflecting any criminal conviction of any party to this case or of any person identified by any person or entity as having knowledge of relevant facts or as having knowledge of discoverable information.

**RESPONSE**:

16.     All documents relating to insurance, indemnity or payment which may cover any damages sought.

**RESPONSE**:

17.     All documents reviewed for pleadings, filings and discovery responses.

**RESPONSE**:

18.     All documents relating to claims or suits relating to credit or credit reporting which have been made by or against you in the last ten (10) years.

**RESPONSE**:

19.     All documents relating to your contention that Trans Union failed to provide you with the information identified in your response to Interrogatory 19.

**RESPONSE**:

Respectfully submitted,

Date: April 26, 2018

Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq.  (IN #30534-49)
James L. Policchio, Esq. (IN #34737-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  sjansen@schuckitlaw.com
E-Mail:  sbrady@schuckitlaw.com
E-Mail:  jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been deposited into the

United States mail, first class, properly addressed as follows, this **26th day of April, 2018**:

| | |
|---|---|
| **Pro Se Plaintiff**<br>Sandra Jeanne Rancourt<br>9083 Dennings Road<br>Jonesville, MI  49250 | **for Defendant Experian Information Solutions, Inc.**<br>Sidney L. Frank, Esq.<br>Frank Haron Weiner & Navarro PLC<br>5435 Corporate Drive, Suite 225<br>Troy, MI  48098<br><br>Tamara E. Fraser, Esq.<br>Williams Williams Rattner & Plunkett PC<br>380 N. Old Woodward Avenue, Suite 300<br>Birmingham, MI  48009 |
| **for Defendant Equifax, Inc.**<br>Jordan S. Bolton, Esq.<br>Clark Hill PLC<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI  4822-3435<br><br>Kendall W. Carter, Esq.<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, GA  30309 | |

Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq.  (IN #30534-49)
James L. Policchio, Esq. (IN #34737-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  sjansen@schuckitlaw.com
E-Mail:  sbrady@schuckitlaw.com
E-Mail:  jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*