# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SANDRA JEANNE RANCOURT,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX, INC.; and EQUIFAX INFORMATION SERVICES, LLC;<br>　　　　Defendants. | CASE NO. 1:18-cv-00042-JTN-ESC<br><br>Judge Janet T. Neff<br>Magistrate Judge Ellen S. Carmody |

**DEFENDANT TRANS UNION, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS [Doc. No. 51] AND MOTION FOR PROTECTIVE ORDER [Doc. No. 53]**

Defendant Trans Union, LLC ("Trans Union") hereby submits its Brief In Opposition To Plaintiff's Motion For Sanctions And Motion For Protective Order (collectively the "Motions").

Plaintiff's Motions should be denied in this alleged Fair Credit Reporting Act ("FCRA") case where pro se Plaintiff wrongly claims that the consumer disclosures provided to her by Trans Union do not consist of her entire credit file because:

　　A.　　Plaintiff failed to comply with the good faith conferral requirement of Federal Rule of Civil Procedure 26(c) since she never contacted Trans Union to discuss its discovery requests to her prior to filing the Motions;

　　B.　　Trans Union's discovery requests to Plaintiff fully comply with the Federal Rules Of Civil Procedure and the Court's Case Management Order; and

C. Plaintiff's outrageous accusation that counsel for Trans Union has violated the Rules Of Professional Conduct is completely unfounded.

I. **RELEVANT BACKGROUND**

On April 26, 2018, the Parties filed their Joint Status Report, which memorialized the Parties' Federal Ruled of Civil Procedure ("Rule") 26(f) conferral. See Doc. No. 37. That same day, Trans Union served Plaintiff with Trans Union's First Set Of Interrogatories To Plaintiff (the "Interrogatories"), First Request For Production Of Documents To Plaintiff (the "RFPs"), and First Set Of Requests For Admission to Plaintiff (the "RFAs") (collectively, the "Discovery Requests"). See Doc. No. 52-1.

On May 1, 2018, the Court held a Rule 16 Scheduling Conference. See Doc. No. 26. To the best of counsel for Trans Union's recollection, the Court did not discuss placing any limitations on discovery requests at that time. Thereafter, the Court issued a Case Management Order, which limited the number of permissible Interrogatories and Requests For Admission. See Doc. No. 41. Upon review of the Case Management Order, Trans Union reduced the number of its RFAs to ten and served Plaintiff with its Amended First Set Of Requests For Admission ("Amended RFAs") on May 16, 2018.[1] At that time, Trans Union advised Plaintiff to disregard the RFAs. See Exhibit 1, attached hereto.

On May 22, 2018, Plaintiff served responses to the Interrogatories and RFAs. See Exhibits 2 & 3, attached hereto, respectively.[2] On that same date, Plaintiff emailed all Parties, advising that she intended to file a motion for an extension of time to respond to the RFPs. See Exhibit 4,

---

[1] Plaintiff's responses to the Discovery Requests were not due until May 29, 2018.
[2] Plaintiff violated Local Civil Rule 7.1(b) by failing to attach her responses to her Motions.

attached hereto.  In her email, Plaintiff stated only that she believed such an extension was necessary because the Parties were still working on finalizing an Agreed Protective Order.  Id.  Plaintiff did not say, as she does in her Brief in support of the Motions, that she had been unable to complete the RFPs because of the time spent responding the allegedly "abusive" Interrogatories and RFPs.  See Doc. No 52 at 2.  Trans Union responded by agreeing to grant Plaintiff a thirty-day extension.  See Exhibit 4.

On May 25, 2018, Plaintiff sent another email to the Parties, indicating her intent to file the Motions against Trans Union and seeking concurrence pursuant to Local Civil Rule 7.1(d).  See Exhibit 5, attached hereto.  Trans Union responded to Plaintiff and explained that its Discovery Requests were proper.  Id.  In an attempt to resolve Plaintiff's concerns regarding the RFAs and Amended RFAs, Trans Union advised that it would consider Plaintiff's responses to the RFAs as responsive to the Amended RFAs, so that she would not have to prepare any further responses.  Id.  Nevertheless, Plaintiff filed the Motions on June 4, 2018.

## II. ARGUMENT

### A. **Plaintiff Failed To Comply With The Good Faith Conferral Requirement Of Federal Rule Of Civil Procedure 26(c) Since She Never Contacted Trans Union To Discuss Its Discovery Requests To Her Prior To Filing The Motions.**

Pursuant to Rule 26(c), a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action."  FED. R. CIV. P. 26(c)(1).  Here, Plaintiff failed

to include any such certification with her Motions.³  Nor could she, as she never contacted Trans Union to discuss its Discovery Requests to her prior to filing the Motions.

There were several instances when Plaintiff could have easily contacted Trans Union to make a good faith attempt to resolve her discovery disputes.  First, Plaintiff could have contacted Trans Union upon receipt of the Discovery Requests to discuss her (wrong) contention that the Discovery Requests were untimely served.  She failed to do so.  Next, Plaintiff could have contacted Trans Union following the issuance of the Case Management Order to address her concerns regarding the number of Interrogatories and RFAs.  She failed to do so.  Finally, Plaintiff could have contacted Trans Union once she started working on her responses to the Discovery Requests to discuss her concerns regarding their scope.  She failed to do so.  Indeed, Plaintiff <u>never</u> made any attempt to resolve her discovery dispute with Trans Union, let alone a good faith attempt.

Instead, Plaintiff served her responses to the Discovery Requests, including the withdrawn RFAs, and now argues that Trans Union should be barred from using them in this litigation.  A protective order pursuant to Rule 26(c) is designed to protect a party from having to respond to discovery.  Plaintiff offers absolutely no authority to support her strange contention that a party who disputes the propriety of served discovery requests may bypass the good faith conferral requirement of Rule 26(c), respond to the disputed discovery requests and then move the court to exclude those responses from trial.  To the extent that Plaintiff believes any of the information contained in her responses to the Discovery Requests should be excluded from trial on the grounds of relevancy, her remedy is a motion in limine, not a protective order.

---

³ To the extent Plaintiff argues her Local Civil Rule 7.1(d) Certificate complies, such argument lacks merit.  Simply emailing Trans Union to ask if it "concurs" with her asking the Court to bar it from using her discovery responses and forcing its counsel to withdraw from the case is not the type of good faith conferral contemplated by Rule 26(c)(1).

### B. Trans Union's Discovery Requests To Plaintiff Fully Comply With The Federal Rules Of Civil Procedure And The Court's Case Management Order.

Plaintiff first argues that the Discovery Requests were untimely because they were served prior to the issuance of the Case Management Order. See Doc. No. 52 at 1. However, Rule 26(d) provides that discovery may be served once the parties have conferred as required by Rule 26(f). FED. R. CIV. P. 26(d)(1). As Trans Union served the Discovery Requests after the Parties had filed their Joint Status Report memorializing the Parties' Rule 26(f) conferral, such service was timely and proper.

Plaintiff next argues that the Discovery Requests fail to comply with the Court's Case Management Order. See Doc. No. 52 at 2-3. However, once the Case Management Order was entered, Trans Union amended its previously served Discovery Requests, as necessary, to comply with the Order. Indeed, Trans Union withdrew the RFAs entirely, and served Amended RFAs that did not exceed the Court's limitation of ten requests for admission. See Exhibit 1. With respect to the Interrogatories, no such amendment was necessary, because even accounting for discrete subparts, the Interrogatories do not exceed the Court's limitation of twenty-five interrogatories. See Doc. No. 52-1.

Finally, Plaintiff argues that the Discovery Requests are "abusive" and will "prejudice her case." See Doc No. 52 at 3. The Discovery Requests seek basic information regarding such issues as Plaintiff's contacts with Trans Union, creditors who may have obtained Plaintiff's consumer report from Trans Union, Plaintiff's alleged claims and Plaintiff's alleged damages. Id. The Discovery Requests are nothing out of the ordinary for a FCRA case and fall within the broad scope of discovery permitted by Rule 26(b)(1).

Moreover, Plaintiff has failed to articulate what about the Discovery Requests is "abusive" and/or "prejudicial." See Nix v. Sword, 11 Fed. Appx. 498, 500 (6th Cir. 2011) ("To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on the mere conclusory statements.") (internal citation omitted). Indeed, Plaintiff's primary complaint appears to concern the amount of time she has had to spend responding to the Discovery Requests. See Doc. No. 52 at 3. However, Plaintiff's responses, which largely consist of boilerplate objections and minimal information, do not support her claim that she has been so overburdened by responding to the Discovery Requests that she has been unable to prepare her own discovery requests. See Exhibits 2 and 3.

  **C.** **Plaintiff's Outrageous Accusation That Counsel For Trans Union Has Violated The Rules Of Professional Conduct Is Completely Unfounded.**

Despite believing that it has no liability in this matter, Trans Union made an early attempt to resolve this matter with Plaintiff without the need for protracted litigation. During those settlement discussions, Trans Union provided Plaintiff with a draft of Trans Union's standard Settlement Agreement And Release ("SA&R"), which includes a provision requiring Plaintiff to confirm the accuracy of a current consumer disclosure, to be attached as Exhibit A to the final version of the SA&R. After Plaintiff wrongly accused Trans Union of trying to force her to agree to confirm the accuracy of a consumer disclosure she had not seen, Trans Union explained that a copy of her consumer disclosure as of the date a settlement agreement was reached would be attached to the finalized version of the SA&R and Plaintiff would have the opportunity to review it prior to signing the SA&R. Trans Union also provided Plaintiff with a current consumer

disclosure, so that she could review it in conjunction with evaluating Trans Union's settlement offer. Plaintiff then accused Trans Union of violating 15 U.S.C. § 1681b.

Section 1681b provides that Trans Union cannot provide a consumer report for a consumer to a third party, except under certain circumstances, including the written authorization of the consumer. See 15 U.S.C. § 1681b(a). Section 1681q prohibits an individual from obtaining information from a consumer reporting agency, such as Trans Union, under false pretenses. Here, Trans Union provided Plaintiff with a copy of her own credit file from its own records. This action in no way implicates the provisions of Section 1681b or 1681q. Indeed, if anyone is acting unethically here, it is Plaintiff, by first accusing Trans Union of trying to force her to confirm the accuracy of her consumer disclosure without seeing it and then accusing Trans Union of violating the FCRA when it provided her with her consumer disclosure.

Plaintiff also states that Trans Union operated "under bad faith" by serving all Parties with a copy of the Discovery Requests. See Doc. No. 52 at 5. It is unclear exactly what Plaintiff claims was "unethical" about this action. In any event, Trans Union would merely point out that the Rules require it to serve a copy of all discovery papers on all Parties. See Fed. R. Civ. P. 5(a)(1)(C).

Plaintiff further implies that Trans Union has acted unethically by "threaten[ing] her with sanctions if she does not withdraw her lawsuit." See Doc. No. 52 at 5. Trans Union has served Plaintiff with a Rule 11 Motion For Sanctions, along with correspondence detailing the frivolous nature of her claims. This action fully complies with the Rules and was done in order to allow Plaintiff the opportunity to withdraw her claims without penalty. See Fed. R. Civ. P. 11(c)(2). Trans Union has not yet filed the Rule 11 Motion For Sanctions, but intends to do so after obtaining a favorable dispositive ruling from the Court.

## III. **CONCLUSION**

For the foregoing reasons, Trans Union respectfully requests that the Court deny the Motions in their entirety and grant Trans Union all just and proper relief. Indeed, if anyone should be sanctioned in this matter, it is Plaintiff for filing the frivolous and harassing Motions.

Respectfully submitted,

Date: June 14, 2018

*/s/ Sandra Davis Jansen*
Sandra Davis Jansen, Esq. (IN #27803-53)
Scott E. Brady, Esq. (IN #30534-49)
James L. Policchio, Esq. (IN #34737-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: 317-363-2400
Fax: 317-363-2257
E-Mail: sjansen@schuckitlaw.com
E-Mail: sbrady@schuckitlaw.com
E-Mail: jpolicchio@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*