UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA JEAN RANCOURT,

       Plaintiff,                                Hon. Janet T. Neff

v.                                                 Case No. 1:18-cv-42

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Equifax, Inc.'s Motion to Dismiss</u>. (ECF No. 31). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **denied**.

## BACKGROUND

Plaintiff initiated this action on January 11, 2018, against Experian Information Solutions, Inc., Trans Union LLC, and Equifax, Inc. (ECF No. 1). On March 29, 2018, Plaintiff amended her complaint to add Equifax Information Services, LLC as a defendant. (ECF No. 27). In her amended complaint, Plaintiff alleges that each Defendant operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act. Pursuant to federal law, "[e]very consumer reporting agency shall, upon request. . .clearly and accurately disclose to the consumer. . .all information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a). Plaintiff alleges that she requested from each defendant all the information in her consumer file. Having failed to receive a satisfactory response from any defendant, Plaintiff initiated the present action alleging

violations of the Fair Credit Reporting Act. Defendant Equifax, Inc. (Equifax) now moves to dismiss Plaintiff's claims on the ground that Plaintiff has failed to state a claim on which relief may be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a

> plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## **ANALYSIS**

In support of its motion to dismiss, Equifax asserts that it is not a consumer reporting agency and, therefore, is not required to provide Plaintiff with the information she requested pursuant to 15 U.S.C. § 1681g(a). In support of its position, Equifax cites to several cases in which courts granted relief to Equifax on the ground that Equifax was not a consumer reporting agency. However, there exists a key distinction between the cases cited by Equifax and the present motion. The cases cited by Equifax were all decided on motion for summary judgment, presumably after discovery was

3

permitted and evidence submitted to the court. *See Greear v. Equifax, Inc.*, 2014 WL 1378777 (E.D. Mich., Apr. 8, 2014); *Channing v. Equifax, Inc.*, 2013 WL 593942 (E.D.N.C., Feb. 15, 2013); *Slice v. Choicedata Consumer Services, Inc.*, 2005 WL 2020690 (E.D. Tenn., Aug. 23, 2005); *Ransom v. Equifax, Inc.*, 2010 WL 1258084 (S.D. Fla., Mar. 30, 2010); *Frihat v. Citimortgage, Inc.*, No. 07-cv-946, Memorandum and Order (W.D. Mo., Dec. 1, 2009); *McDonald v. Equifax, Inc.*, 2017 WL 879224 (N.D. Tex., Mar. 6, 2017); *Persson v. Equifax, Inc.*, No. 7:02-cv-511, Memorandum Opinion (W.D. Va., Oct. 28, 2002); *Weiler v. Transunion, Inc.*, No. 99-936, Memorandum and Order (W.D. Pa., Nov. 16, 2000).

The fact that a court, or even several courts, determined in light of the evidence submitted that Equifax was not properly characterized as a consumer reporting agency does not lead to the conclusion that Plaintiff is incapable of presenting evidence supporting the contrary conclusion. Defendant has not identified authority holding that Equifax cannot ever, as a matter of law, be characterized as a consumer reporting agency. Instead, Defendant merely cites authority in which this particular issue was raised and resolved in Equifax's favor, based on the evidence submitted and the law as such existed at that point in time. While not couched in these terms, Equifax is essentially attempting to obtain the benefit of res judicata and/or collateral estoppel without having satisfied the requirements of either doctrine. *See Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) and *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Equifax, Inc.'s Motion to Dismiss, (ECF No. 31), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: July 3, 2018              /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge